JOHN SIMPSON et al.

v.

JOHANNA E. MIKKELSEN et al.

Opinion filed April 16, 1902—Rehearing denied June 6, 1902.

1. BUILDING LINES—*when plat sufficiently establishes a building line.* A building line is sufficiently established by a plat showing a subdivision of land into blocks and lots, where a highway through the center of the subdivision is designated as a boulevard two hundred and fifty feet wide, and where a dotted line is drawn through the lots in all blocks fronting on the boulevard, over which are the words, "Building line fifty feet north from boulevard line."

2. SAME—*term "building line" is not of doubtful or obscure meaning.* The term "building line" is not of doubtful or obscure meaning, but is a well understood term when used upon town or city plats.

3. SAME—*reservation of building line creates an easement.* The designation of a building line upon a plat creates an easement for the benefit of the public, and especially for the benefit of the property abutting upon the street, and it is not necessary for the plat to mention or set forth the persons to be benefited by the reservation.

4. SAME—*grantee is not relieved from building restrictions because not mentioned in his deed.* If a deed refers to a plat or subdivision, the particular descriptions shown on such plat or subdivision are a part of the deed, and the grantee is not relieved from binding restrictions appearing in the plat because they are not expressly mentioned in his deed.

5. EVIDENCE—*when evidence that others have not observed building line is immaterial.* In a suit to enjoin the defendants from maintaining a building within the limits of the building line established by the plat of the subdivision, evidence that other property owners in another adjoining subdivision had violated a building restriction is immaterial.

6. DEDICATION—*acceptance of dedication of boulevard is an acceptance of appurtenant building restriction.* The acceptance by the public of the dedication of a boulevard in the plat of a subdivision is an acceptance of a building restriction appurtenant thereto, indicated on the plat by a dotted line marked "building line fifty feet north from boulevard line."

APPEAL from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

OLAF E. RAY, for appellants.

J. HENRY KRAFT, and DELAVAN B. COLE, for appellees.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is a proceeding in chancery in the superior court of Cook county, begun by Johanna E. Mikkelsen and eleven other complainants, owners of lots fronting on Humboldt boulevard between California avenue and Western avenue, in the city of Chicago, seeking to compel appellants, John Simpson and Minnie Simpson, to move back to a building line fifty feet from the street a two-story frame dwelling house which had been constructed by the latter upon lot 22, twenty-three and one-fourth feet from the street, in block 7, in Harriet Farlin's subdivision of the west half of the south-east quarter of section 25, etc. Persons holding encumbrances against said lot 22 were also made parties defendant. The West Chicago Park Commissioners, by leave of the court, filed an intervening petition and were made parties complainant, asking the same relief.

The original bill alleges that on March 29, 1871, Harriet Farlin, being then the owner of a portion of section 25, township 40, range 13, in Cook county, subdivided the same and laid it out in blocks and lots, and that the subdivision was by the town trustees approved and duly recorded; that in laying out said subdivision she set apart a strip of land two hundred and fifty feet in width for boulevard purposes and designated the same "Humboldt boulevard;" that the plat contains a statement upon its face that said strip of land is to be used as a public boulevard by the West Chicago Park Commissioners; that thereby that part of Humboldt boulevard in the plat was dedicated to the West Chicago Park Commissioners for the purposes mentioned; that said dedication was duly accepted by the park commissioners, and that they became vested with the title thereof for the purposes mentioned; that upon said plat, so accepted, "there was made and established by the said Harriet Farlin, upon all the property fronting upon said Humboldt boulevard, what is generally known as

and called a building line, covering a space of fifty feet off the front part of premises fronting on Humboldt boulevard, which line on the said map and plat then became established, it being the intent that no building should extend beyond this line, but that the space should be kept free and clear from buildings of every kind;" that said building line has been observed and maintained by each and all purchasers of lots along said boulevard except one Soren Nielson and one John Simpson, who have been the owners of said lot 22, and that they allowed a certain frame house to be built upon and remain upon the premises designated as being within the building line, etc. The prayer is for a writ of injunction directed to Soren Nielson, John Simpson and Minnie Simpson, restraining them, and each of them, from further permitting the said building situated on said lot 22 to encroach upon the building line established upon and along Humboldt boulevard, and requiring them, and each of them, to remove the same from the building line, and restraining them from maintaining said building south of said building line, etc. Defendants answered, saying that they had no knowledge or information in regard to the making, establishing, marking and setting off of said building line, and averring that several of the complainants have themselves failed to observe the said building line in the construction of their dwelling houses. Upon the hearing a decree was rendered in conformity with the prayer of the bill and the intervening petition, and a writ of injunction granted as prayed. Defendants appeal to this court to reverse the decree below.

The chief contention of appellants is, that the building line fifty feet from Humboldt boulevard was not so definitely established as to be binding upon them, and therefore the decree below compelling them to observe the restriction as to the location of houses is erroneous.

The complainants introduced in evidence the plat of Harriet Farlin's subdivision, and it shows a subdivision

consisting of sixteen blocks of land, laid off into lots. Through the center of the subdivision is a highway designated "Humboldt boulevard," two hundred and fifty feet in width. Upon the plat a short distance from this boulevard, across the lots in all of the blocks fronting thereon, is a broken line having the appearance of a series of dashes, and immediately over the line extending through block 7 are written the words, "Building line fifty feet north from boulevard line." There can be no question, from an examination of the plat, that the purpose of this language and the broken line was to reserve a space fifty feet in width off the front end of the lots abutting upon Humboldt boulevard upon which no buildings were to be erected. The term "building line" is not of doubtful or obscure meaning, but is a well understood term when used upon town or city plats. The reservation is an easement for the benefit of the public, and especially all the property abutting upon the street in this subdivision. The space between the building and the street belongs absolutely to the owner of the lot, subject to this easement, and the owner of this and the other lots in the subdivision are guaranteed whatever benefits may result from an unobstructed view across the entire reservation.

In support of his contention that the building line indicated on the plat does not sufficiently establish the building restriction, counsel relies upon the case of *Eckhart* v. *Irons*, 128 Ill. 568. But that case rather sustains the contention of appellees. The plat there under consideration showed a dotted line twenty feet from the street, speaking of which we said it "is a designation on the plat of the front line of the building to be thereon erected." The questions, however, there decided have no proper application to this case.

Counsel says there is no grantee or donee of the supposed easement, nor is it indicated by any certificate or statement upon the plat to whom or for what purpose

the easement is created. The persons to be benefited by such a reservation are understood and need not be expressly mentioned or set forth, any more than it is necessary to explain or set forth the persons to be benefited by a street or an alley.

Counsel also says the reservation is in nowise referred to in any of the deeds made by Mrs. Farlin to her grantees. The conveyance under which defendants claim title recognizes the plat, and describes the property simply as "lot No. 22, in block 7, in Harriet Farlin's subdivision," etc. Where a deed refers to a plat or subdivision, the particular descriptions shown upon such plat or subdivision are as much a part of the deed as though they were recited in it. (*Henderson* v. *Hatterman*, 146 Ill. 555; *Smith* v. *Young*, 160 id. 163.) Property owners are not relieved from the binding force of building restrictions merely because they are not expressly reserved in the conveyances to them. *Ewertsen* v. *Gerstenberg*, 186 Ill. 344.

Upon the hearing an attempt was made by appellants to show that owners along Humboldt boulevard beyond Mrs. Farlin's subdivision had failed to observe the building restriction. This evidence was excluded, and it is complained that the action of the court was erroneous. The fact that other owners, in another adjoining subdivision, had failed to observe a building restriction could in nowise excuse defendants and justify them in violating the building restriction in their subdivision, and the evidence was therefore immaterial.

There is no contention that the public has failed to accept the dedication of the alleys, streets and the boulevard shown upon the plat, but it is said, inferentially, that there is nothing to indicate that this easement,—that is, the building restriction,—was ever accepted by the public. The contention is without merit. As we have seen, the building line being clearly designated upon the plat, and this reservation or easement being for the benefit of the public generally, including the adjoining own-

ers, when the dedication of the boulevard was accepted by the public the building restriction appurtenant thereto was also accepted.

The decree of the superior court was clearly right and will be affirmed.                    *Decree affirmed.*