**UJKA v. STURDEVANT et al.**

No. 7392.

Supreme Court of North Dakota.

July 2, 1954.

Burnett, Bergesen, Conmy & Whittlesey, Fargo, for appellant.

Forbes & Forbes, Wahpeton, for respondents.

BURKE, Judge.

The main question upon this appeal is whether the City of Wahpeton had the power to enact its ordinance 14–439, which restricts the use of building lots by prescribing the proportions of lots which are to be left as side yards. The question arose upon plaintiff's action to enjoin the defendants, Virgil and Lucylle Sturdevant from violating the ordinance by building closer to the side boundary of their lot than the ordinance permitted. In this action the trial court ordered judgment for the defendants. Plaintiff has appealed from the judgment and has raised the issues upon appeal by specifications of error.

The ordinance in question provides:

"Section 14–439. *Lot Restrictions* The minimum dimensions of yards and courts and the maximum building area shall be as follows:

"(a)  *  *  *

"(b)  *  *  *

"(c) Side yard. There shall be a side yard on each side of the building, each yard having a width of not less than ten percent (10%) of the lot width. The width of such yard, however, need not exceed six feet, provided its width shall not be less than equal to one-eight (⅛) of the height of the building."

The power of the City of Wahpeton to enact such an ordinance must of necessity lie in a specific legislative grant of power or be fairly implied in or incident to a specific grant of power. City of Dickinson v. Thress, 69 N.D. 748, 290 N.W. 653; Lang v. City of Cavalier, 59 N.D. 75, 228 N.W. 819; Village of North Fargo v. City of Fargo, 49 N.D. 597, 192 N.W. 977. Plaintiff cites three statutes, anyone of which, she urges, constitutes an adequate source of power. They are subsections 7 and 13 of Section 40–0502 and Subsection 1, Section 40–0501, NDRC 1943.

We shall direct our attention first to Subsection 13, supra. This section provides that municipalities shall have power: " * * * to establish building lines fixing the distance from the property line at which buildings may be erected". The part of the section above quoted first appeared in Subsection 75 of Section 48, Chapter 77, Laws of N.D.1911. This section contained

grants of power to cities with the commission form of government. Prior to the adoption of the North Dakota Revised Code of 1943, the grants of power to cities with the council form of government and the grants of power to cities with the commission form of government were contained in separate statutes and there was no specific grant to cities with the council form of government of a power similar to that set forth in Subsection 75, supra.

However, Section 64 of Chapter 77, supra, provides:

"All the provisions of law now in force or which may hereafter be passed by the legislative assembly in relation to the powers, duties or privileges of the president of boards of trustees * * * towns or villages, or mayors of cities, are hereby granted to the president of the board of city commissioners, and except where inapplicable all the provisions of law now in force or hereafter passed by the legislative assembly in relation to the powers, duties or privileges of town or village trustees, or other municipal boards thereof, or the powers, duties or privileges of city councils are hereby granted to the board of city commissioners provided for in this act; provided, cities incorporated under this act shall for all purposes according to their respective population retain the classification otherwise provided by law."

This section specifically provides that cities with the commission form of government shall have all the powers possessed by cities with the council form of government and while it does not expressly provide the cities with the council form of government shall have all the powers possessed by cities with the commission form of government, we think it is a fair construction of the language used to say it clearly implies that there should be no distinction or discrimination as to the possession of powers by cities based upon form of government but that the powers of all cities, whatever their form of government, should be equal and co-extensive. This construction was evidently adopted by the Code Commission in 1943 when it eliminated from the code the separate grants of power and incorporated into the code Chapter 40–05 which contains single grants to cities in both categories.

It is our view therefore that the City of Wahpeton, though it has a council form of government, did have the power "to establish building lines fixing the distance from the property line at which buildings may be erected."

There is a direct conflict between the parties as to what a city may do under this grant of power. The defendants contend that it only authorizes a city to fix the distance from the street at which buildings may be erected. Plaintiff on the other hand urges that it authorizes a city to fix the distance from any property line of a lot beyond which buildings may not extend. In support of their position defendants cite the case of Simpson v. Mikkelsen, 196 Ill. 575, 63 N.E. 1036. That case involved the construction of a plat, which showed a dotted line running across the plat parallel to the street which was designated "building line fifty feet from boulevard line". The court held that the building line shown on that particular plat fixed the distance from the street at which buildings might be built. The case is clearly not authority for the construction of the words "building line" in the statute under consideration.

It is a statutory rule of construction that "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention clearly appears". Section 1–0202, NDRC 1943. The statute to be construed authorizes a city to fix the distance from the property line at which buildings may be erected. Every lot, of course, has as many property lines as it has sides. With respect to property "A line is the division between two parcels of land." Bouvier's Law Dictionary, Library Edition 1928, p. 728. The ordinary rectangular city lot therefore has four property lines, two dividing it from the street and alley at front and rear and two dividing it from the neighboring lots on each side. The statute does not refer to any particular property line

but to property lines generally. We are therefore of the opinion that it refers to all the property lines of a city lot and that it authorizes a city to fix the distance from any property line of a lot at which buildings may be erected. Having reached this conclusion, it is unnecessary for us to consider the other statutes which are said to authorize the ordinance in question.

In their brief defendants have argued that since cities have been impowered to enact zoning ordinances and since the right to regulate yard areas, court spaces etc. is contained in the grant of power to create zones, the right to enact restrictions as to side yard usage exists only in connection with the adoption of a zoning ordinance. This argument is answered by the statute authorizing zoning ordinances. The statute is Chapter 40–47 NDRC 1943, which was originally adopted as Chapter 175, Laws of N.D.1923, Section 9 of this Act, Section 40–4713, NDRC 1943, provides:

"Wherever the regulations made under authority of this Act require a greater width or size of yards, or courts, or requires lower height of building or less number of stories, or require a greater percentage of lot to be left unoccupied, or impose other higher standards than are required in any other statute or local ordinance or regulation, the provisions of the regulations made under the authority of this Act shall govern. Wherever the provisions of any other statute or local ordinance or regulation require a greater width or size of yards or courts, or require a lower height of building or a less number of stories, or require a greater percentage of lot to be left unoccupied, or impose other higher standards than are required by the regulations made under the authority of this Act, the provisions of such statute, or local ordinance or regulation shall govern."

This statute is not only an expression of the legislative intent that the right of cities to legislate with respect to side yards should not be exclusively confined to procedure under the zoning act, but it is also a clear legislative recognition of the fact that at the time the zoning act was adopted, cities had the power to legislate with respect to the size of side yards and the other matters mentioned.

No argument is made by defendants that the power exercised by the City of Wahpeton was beyond the power of the legislature to grant, or that the ordinance adopted was an unreasonable exercise of the power granted. The judgment of the district court is therefore reversed.

MORRIS, C. J., and GRIMSON and SATHRE, JJ., concur.

JOHNSON, J., did not participate.