2016 ND 175

Joe A. SCHMIDT, Kelly P. Buettner–
Schmidt, Barry D. Hoffer, Susan L.
Hoffer, Michael A. Lucy, Nancy A.
Lucy, Steve P. Muus, Fae M. Self,
Gene E. Nettleton, Lori J. Nettleton,
Clyde Houge, Janelle Houge, Jon
Anderson, John Seier, Julie Seier,
Rich Hulm, Appellants

v.

CITY OF MINOT, Minot City Council,
and Minot Planning Commission,
Appellees.

No. 20160088.

Supreme Court of North Dakota.

Aug. 31, 2016.

Derrick L. Braaten (argued) and Beth A. Baumstark (appeared), Bismarck, N.D., for appellants.

Randall J. Bakke (argued) and Shawn A. Grinolds (on brief), Bismarck, N.D., for appellees.

SANDSTROM, Justice.

[¶ 1] Sixteen Minot residents living near First Western Bank and Trust appeal from a judgment dismissing their appeal from a Minot City Council decision granting the Bank's application for zoning variances. The residents argue the district court erred in ruling they lacked standing under N.D.C.C. § 40–47–12 to appeal the City Council's decision granting the variances. We conclude the court erred in applying N.D.C.C. § 40–47–12 to rule the residents lacked standing to appeal the City Council's decision, but we nevertheless conclude the residents are not aggrieved applicants authorized to appeal a variance decision under N.D.C.C. § 40–47–11. We affirm the judgment dismissing their appeal.

I

[¶ 2] In August 2014, the Bank applied for two variances from Minot zoning regulations for off-street parking after incorrectly calculating the size of an addition to its bank building. The Bank's application sought to reduce the required number of off-street parking spaces for its building from 131 to 110 and to reduce the required width of each parking space from 10 to 9 feet. After notice to the Bank's neighbors, the Minot Planning Commission met on August 25, 2014, to consider the application, and several neighbors appeared to oppose the application. The Planning Commission approved the application, finding the existence of an exceptional topographical hardship and the variances could be granted without substantial detriment to the public good and without impairing the general purpose and intent of Minot's comprehensive zoning plan. At a September 29, 2014, meeting the Planning Commission affirmed its earlier decision approving the application. After a public meeting on October 6, 2014, the City

Council affirmed the Planning Commission's decision.

[¶ 3] The residents appealed the City Council's approval of the Bank's application for the variances to the district court. The residents claimed the City Council's decision was arbitrary, capricious, and unreasonable and there was insufficient evidence supporting the variances. The court ruled the residents lacked standing to appeal the City Council's approval of the zoning variances under N.D.C.C. §§ 28–34–01 and 40–47–12. The court explained that Minot had not adopted an ordinance conferring standing on citizens to appeal a City Council decision to the district court under N.D.C.C. § 40–47–12 and the rationale of *Munch v. City of Mott*, 311 N.W.2d 17, 20–21 (N.D.1981), and that the residents' appeal did not involve the City Council's review of a board of adjustment decision under N.D.C.C. § 40–47–11. The court dismissed the residents' appeal and denied their request for reconsideration.

[¶ 4] The residents' appeal from the judgment dismissing their appeal is timely under N.D.R.App.P. 4(a), and this Court has jurisdiction to hear an appeal from a district court judgment under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01. A district court has appellate jurisdiction as provided by law under N.D. Const. art. VI, § 8, and under N.D.C.C. § 27–05–06(4), and the issues raised in this appeal involve the district court's jurisdiction to hear the residents' appeal.

II

[¶ 5] The residents argue they have standing to appeal the City Council's approval of the zoning variances. They argue N.D.C.C. § 40–47–12 does not apply to this proceeding, because that statute authorizes proper local city authorities to bring an action or proceeding to restrain, correct, or abate zoning violations and their appeal is not an action or proceeding to restrain, correct, or abate a zoning violation. They claim the Planning Commission was acting as a board of adjustment in granting the variances and they had a right to appeal the City Council decision affirming the Planning Commission's decision under N.D.C.C. §§ 28–34–01 and 40–47–11. They also claim, if the Planning Commission was not acting as a board of adjustment, the Planning Commission had no authority to grant variances and the variances were void. They argue Minot cannot delegate a board of adjustment's functions to a planning commission to deprive them of the legislatively created right to appeal a board of adjustment's variance decision.

[¶ 6] The City of Minot, the City Council, and the Planning Commission respond there is no separate statutory authority for an appeal in this case, because the Planning Commission was not acting as a board of adjustment in granting the variances and the statutory procedure authorizing an appeal of a board of adjustment decision does not apply to a planning commission decision. The Minot entities claim Minot's home rule ordinances do not provide for a board of adjustment and thus do not incorporate the statutory provisions pertaining to appeals from variance decisions by a board of adjustment. They contend the City Council decision is final and not appealable. They also contend the district court did not err in applying N.D.C.C. § 40–47–12, because Minot ordinances do not authorize a private right of enforcement of violations of zoning ordinances under the rationale of *Munch*, 311 N.W.2d at 20–21.

[¶ 7] The issues raised in this appeal involve the interpretation of statutory provisions pertaining to zoning and variance procedures, including appellate review of variance decisions. Statutory in-

terpretation is a question of law and is fully reviewable on appeal. *Hector v. City of Fargo*, 2014 ND 53, ¶ 13, 844 N.W.2d 542. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. Statutes are construed together to give effect to each word and phrase, and all parts of a statute must be construed to have meaning. N.D.C.C. § 1–02–07. If the language of a statute is clear and unambiguous, the language may not be disregarded under the pretext of pursuing its spirit. N.D.C.C. § 1–02–05. If the language of the statute is ambiguous, however, a court may resort to extrinsic aids to interpret the statute. N.D.C.C. § 1–02–39.

[¶ 8] Chapter 40–47, N.D.C.C., deals with city zoning, and N.D.C.C. § 40–47–01 authorizes the governing body of a city to enact zoning regulations which may provide for a board of adjustment to determine and vary the application of the zoning regulations. *See also* N.D.C.C. §§ 40–47–02 (authorizing governing body to divide city into districts for zoning regulations); 40–47–03 (describing purposes for zoning regulations); 40–47–04 (describing procedure for enacting zoning regulations); and 40–47–05(describing procedure for amending zoning regulations). Section 40–47–06, N.D.C.C., provides a governing body of a city using the zoning powers in N.D.C.C. ch. 40–47 shall appoint a zoning commission to recommend boundaries for zoning districts, and if the city has a planning commission, it may be appointed as the zoning commission. *See* N.D.C.C. § 40–48–03 (authorizing creation of planning commission of not more than ten members). *See generally* N.D.C.C. ch. 40–48 (provisions for municipal master plans and planning commissions).

[¶ 9] Section 40–47–07, N.D.C.C., says the governing body of a city "may provide for the appointment" of a five-member board of adjustment which "shall hear and decide appeals from and shall review any order . . . made by an administrative official charged with the enforcement of any ordinance adopted" under N.D.C.C. ch. 40–47. Under N.D.C.C. § 40–47–08, an appeal from an order by an administrative official to the board of adjustment "may be taken by any person aggrieved or by any officer, department, board, or bureau of the city" within the time prescribed by board rule by filing a notice of appeal specifying the grounds for appeal with the officer from whom the appeal is taken and with the board of adjustment. The city officer shall transmit the papers constituting the record to the board of adjustment. N.D.C.C. § 40–47–08. Section 40–47–09, N.D.C.C., outlines the procedure for a hearing before the board of adjustment, and N.D.C.C. § 40–47–10 says an appeal stays all proceedings from which the appeal is taken unless the appropriate city official certifies a stay would cause imminent peril to life or property. Section 40–47–11(1), N.D.C.C., authorizes review of a board of adjustment decision and provides a board of adjustment decision may be appealed to the governing body of the city "by either the aggrieved applicant or by any officer, department, board, or bureau of the city." Under N.D.C.C. § 40–47–11(2), "[a] decision of the governing body of the city on an appeal from a decision of the board of adjustment may be appealed to the district court in the manner provided" by N.D.C.C. § 28–34–01. Section 40–47–12, N.D.C.C., authorizes "the proper local authorities of the city" to bring "any appropriate action or proceeding" if "any building or structure is erected, constructed, reconstructed, altered, repaired, converted, or maintained, or . . . used in violation" of N.D.C.C. ch. 40–47, or of any

ordinance or regulation made under the authority of N.D.C.C. ch. 40–47.

[¶ 10] Within that statutory framework, we initially consider the district court's ruling that the residents lacked standing to appeal the City Council's decision under N.D.C.C. § 40–47–12.

[¶ 11] A court must have both subject matter and personal jurisdiction to issue a valid order or judgment. *Garaas v. Cass Cty. Joint Water Res. Dist.*, 2016 ND 148, ¶ 4, 883 N.W.2d 436. " 'Subject-matter jurisdiction is the court's power to hear and determine the general subject involved in the action.' " *Id.* (quoting *Albrecht v. Metro Area Ambulance*, 1998 ND 132, ¶ 10, 580 N.W.2d 583). The constitution is the ultimate source of a court's judicial power. *Albrecht*, at ¶ 10; *Rudnick v. City of Jamestown*, 463 N.W.2d 632, 635 (N.D.1990). Under N.D. Const. art. VI, § 8, a district court has "original jurisdiction of all causes, except as otherwise provided by law, and such appellate jurisdiction as may be provided by law or by rule of the supreme court." Appellate jurisdiction is the power of a court to review a decision rendered by another court or tribunal. *Rudnick*, at 636. Under those authorities, a district court does not have appellate jurisdiction to review a decision by another court or tribunal unless authorized by statute or by rule of the supreme court.

[¶ 12] The parties do not argue a rule of this Court authorizes the residents' appeal to the district court. Rather, their arguments involve the residents' standing under statutory provisions for proceedings about zoning decisions in the district court.

[¶ 13] A court may decide an appeal if a party has standing to litigate the issues. *Hagerott v. Morton Cty. Bd. of Comm'rs*, 2010 ND 32, ¶¶ 9–10, 778 N.W.2d 813 (analyzing standing under statute authorizing appeal by "aggrieved person"). " 'Standing is the concept used "to determine if a party is sufficiently affected so as to insure that a justiciable controversy is presented to the court." ' " *Whitecalfe v. North Dakota Dep't of Transp.*, 2007 ND 32, ¶ 15, 727 N.W.2d 779 (quoting *Nodak Mut. Ins. Co. v. Ward Cty. Farm Bureau*, 2004 ND 60, ¶ 11, 676 N.W.2d 752). In *Hagerott*, at ¶¶ 8–10, we discussed a person's standing to appeal a county's decision to grant another person a conditional use permit to operate a feedlot under a statute authorizing an appeal by any person "aggrieved" by the county's decision. We concluded a person owning land within one mile of the proposed feedlot was an aggrieved person and had standing to appeal the decision without deciding whether the property owner's son also had standing to appeal. *Id.*

[¶ 14] The language of N.D.C.C. § 40–47–12 authorizes "the proper local authorities of the city" to "institute any appropriate action or proceeding" ostensibly to restrain, correct, or abate zoning violations if "any building or structure is erected, constructed, reconstructed, altered, repaired, converted, or maintained, or … used in violation of" N.D.C.C. ch. 40–47, or ordinances enacted under that chapter. In *Munch*, 311 N.W.2d at 20–21, this Court held a Mott City Ordinance conferring standing to bring an action for injunctive relief upon "any affected citizen or property owner" did not exceed Mott's authority under N.D.C.C. §§ 40–47–04 and 40–47–12. This Court said Mott's extension of standing requirements beyond N.D.C.C. § 40–47–12 to also include affected citizens or property owners was compatible with promoting the health, safety, morals, or general welfare of the community. *Munch*, at 21. This Court concluded the Mott residents had standing to bring an action for injunctive relief to seek enforcement of Mott's zoning regulations. *Id.*

[¶ 15] Here the residents are not "proper local authorities of the city," and they did not bring an action or proceeding to restrain, correct, or abate a zoning violation for "any building or structure . . . erected, constructed, reconstructed, altered, repaired, converted, or maintained or . . . used in violation" of N.D.C.C. ch. 40–47. Rather, the residents appealed a City Commission decision granting the Bank's application for two variances. The residents' appeal sought appellate review of a decision rendered by the City Council. *See Rudnick*, 463 N.W.2d at 636 (appellate jurisdiction is the power of a court to review a decision rendered by another court or tribunal). We conclude N.D.C.C. § 40–47–12 does not apply to the residents' appeal, and the district court erred in dismissing their appeal under that statute.

[¶ 16] " '[W]e will not set aside a correct result merely because the district court's reasoning is incorrect if the result is the same under the correct law and reasoning.' " *Sanders v. Gravel Prods., Inc.*, 2008 ND 161, ¶ 9, 755 N.W.2d 826 (quoting *Hanson v. Boeder*, 2007 ND 20, ¶ 21, 727 N.W.2d 280). Here we conclude the result reached by the district court is the same under the correct law and reasoning.

[¶ 17] The parties agree Minot enacted ordinances eliminating its Board of Adjustment and authorizing its Planning Commission to consider appeals from variance decisions made by a city administrative official. Minot claims that as a home-rule city, it may adopt ordinances under N.D.C.C. chs. 40–05.1 and 40–47 to have the Planning Commission decide variance appeals and ostensibly preclude appeals from variance decisions to a district court. We need not decide whether the statutory framework in N.D.C.C. chs. 40–05.1 and 40–47 authorizes Minot, as a home-rule

city, to have the Planning Commission decide variances, however, because the residents are not "aggrieved applicant[s] or . . . any officer, department, board, or bureau of the city" authorized to appeal a variance decision under N.D.C.C. § 40–47–11.

[¶ 18] Section 40–47–08, N.D.C.C., authorizes "any person aggrieved" by a decision by a city administrative official charged with enforcement of an ordinance adopted under N.D.C.C. ch. 40–47 to appeal to a board of adjustment. Section 40–47–11(1), N.D.C.C., says "either the aggrieved applicant or . . . any officer, department, board, or bureau of the city" may appeal a board of adjustment decision to the governing body of a city. Statutes must be construed to give effect to each word and phrase, and all parts of statutes must be construed to have meaning, if possible. N.D.C.C. § 1–02–07. The legislature's use of different statutory terms in N.D.C.C. §§ 40–47–08 and 40–47–11 evidences an intention that different entities have statutory authorization for an appeal to a board of adjustment and for a subsequent appeal to a governing body of a city. *See Ali v. North Dakota Workers Comp. Bureau*, 1998 ND 146, ¶ 12, 583 N.W.2d 115 (statute using different words of "examination" and "treatment" evidenced intention for different meanings).

[¶ 19] The language for appeals by an "aggrieved applicant" to the governing body of a city was adopted in 1985. *See* 1985 N.D. Sess. Laws ch. 466. *See also* 1995 N.D. Sess. Laws ch. 315, § 2 (amending N.D.C.C. § 40–47–11(2) to authorize appeals in manner provided by N.D.C.C. § 28–34–01 rather than to authorize review by certiorari). The 1985 legislation specifically used the term "aggrieved applicant" to describe the entity statutorily authorized to appeal a board of adjustment decision to the governing body

of the city. 1985 N.D. Sess. Laws ch. 466. A plain, ordinary, and commonly understood meaning of "applicant" is "one who applies," and a similar meaning of "apply" is "to make an appeal or request ... in the form of a written application." *Merriam-Webster's Collegiate Dictionary* 60 (11th ed.2005). The term "person" used in N.D.C.C. § 40–47–08 for appeals to a board of adjustment is different from the term "applicant" used in N.D.C.C. § 40–47–11(1) for appeals to the governing body of a city. *See* N.D.C.C. § 1–01–49(8) (defining "person" as an "individual, organization, government, political subdivision, · or government agency or instrumentality"). The legislature's use of those different terms evidences an intention for a different meaning for the entities statutorily authorized to appeal variance decisions. In the context of decisions about variances, we construe the term applicant to mean the entity applying for a variance, and we conclude the residents are not "aggrieved applicants" under N.D.C.C. § 40–47–11.

[¶ 20] We also conclude the rationale of *Munch*, 311 N.W.2d at 20–21, does not extend standing to appeal to the residents. That case involved a city ordinance extending standing to "any affected citizen or property owner" to bring an action or proceeding to restrain, correct, or abate zoning violations under N.D.C.C. § 40–47–12. *Munch*, at 20–21. This case is about the statutory authorization to appeal a variance decision under N.D.C.C. § 40–47–11. A district court does not have appellate jurisdiction unless authorized by statute or by rule of the supreme court, and the statutory language in N.D.C.C. § 40–47–11(1) authorizes an appeal by an "aggrieved applicant." Under the plain language of N.D.C.C. § 40–47–11, the residents are not aggrieved applicants, and they are not statutorily authorized to appeal the City Council's variance decision. Moreover, although the residents claim construing N.D.C.C. § 40–47–11 to deny them an appeal raises potential constitutional infirmities, we have recognized there is no constitutional right to an appeal. *See, e.g., State v. Causer*, 2004 ND 75, ¶ 22, 678 N.W.2d 552.

[¶ 21] We conclude the district court reached the right result for a wrong reason, and we affirm the judgment dismissing the residents' appeal.

### III

[¶ 22] We affirm the judgment.

[¶ 23] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS and LISA FAIR McEVERS, JJ., concur.

KAPSNER, Justice, dissenting.

[¶ 24] respectfully dissent. ·

[¶ 25] I do not believe that this Court can duck the issues here. I agree with the majority opinion that the district court was incorrect when it held the appellants do not have standing under N.D.C.C. § 40–47–12. I do not agree with the analysis of the majority opinion under N.D.C.C. § 40–47–11. Unless we are willing to say that the reasoning this Court applied in *Munch v. City of Mott*, 311 N.W.2d 17 (N.D.1981) was invalid as a general principle, I believe the same reasoning must be applied to N.D.C.C. § 40–47–11, and the ordinances of the City of Minot, to recognize the standing of appellants under N.D.C.C. § 40–47–11 to appeal the decision of the City of Minot. ·

[¶ 26] In *Munch v. City of Mott*, this Court did not limit standing to the strict words of the statute, which gave standing only to "proper local authorities" to bring action to restrain a violation of local ordinances. Instead, we recognized the local ordinances of Mott broadened standing by giving the right to bring action to "any affected citizen or property owner." In so holding, this Court stated:

Cities are creatures of statute and their powers or authorities must be derived from legislative authorization. *Roeders v. City of Washburn*, 298 N.W.2d 779, 782 (N.D.1980). Section 40–47–01, NDCC, authorizes cities to adopt zoning regulations for the purpose of promoting health, safety, morals, or the general welfare of the community. Pursuant to this authorization, the City of Mott adopted a comprehensive zoning ordinance to fit its particular needs. Section 5.2.2 of this ordinance confers standing upon "any affected citizen or property owner" to secure enforcement of the Mott zoning ordinances. The authority to institute action to restrain, correct, or abate zoning violations is governed by § 40–47–12, NDCC, which provides in part that "proper local authorities of the city, in addition to other remedies, may institute any appropriate action or proceeding." Hertz contends that conferring standing upon "any affected citizen or property owner" exceeds the City's statutory authorization. This argument is without merit. Section 40–47–12 must be read in conjunction with § 40–47–04, NDCC, which specifically allows cities to provide for the manner in which zoning regulations shall be enforced. A city's zoning power is dependent on authority delegated from the State, but these powers need not always be explicitly listed in the statute. A city is given its powers by specific grant and by implication therefrom. *City of Fargo, Cass Cty. v. Harwood Tp.*, 256 N.W.2d 694, 697 (N.D.1977).

It is clearly within the prerogative of the local authorities to determine the means and methods for enforcing a city's zoning ordinances as long as the city's actions remain compatible with the spirit of the State legislation. See, *Ujka v. Sturdevant*, 65 N.W.2d 292 (N.D. 1954). The mere fact that § 40–47–12, NDCC, confers standing only upon "proper local authorities" does not preclude the City of Mott from allowing "affected and interested citizens" the right to secure the enforcement of its zoning ordinances. Mott's extension of the standing requirements is compatible with the stated purpose of promoting the health, safety, morals, or the general welfare of the community.

*Munch*, 311 N.W.2d at 20–21 (footnotes omitted).

[¶ 27] Similar to Mott ordinances, the Minot ordinances have broadened standing to appeal:

a) At any time within thirty (30) days after the City Planner, or other city employee or committee makes a decision under the provisions of this title, except in connection with prosecution for violations thereof, the applicant *or other persons affected thereby* may appeal the decision by filing a written notice stating the action appealed from and stating the specific grounds upon which the appeal is made.

b) The Planning Commission shall conduct a public hearing on the appeal and make a recommendation to the City Council.

c) The City Council shall conduct a public hearing and make the final determination. Final decision shall be by majority vote of the City Council.

d) Notice of the hearing before the Planning Commission and City Council shall be mailed to all appellants. In all cases involving determination of the district boundary lines, or interpretation of the text of this title, ten (10) days published notice of hearing in the official newspaper shall be given.

Minot, N.D. Zoning Ordinance. § 30–6(a)–(d) (emphasis added).

[¶ 28] The authority granted by N.D.C.C. § 40–47–04, which "specifically allows cities to provide for the manner in

which zoning regulations shall be enforced" which this Court recognized in *Munch*, has not been changed. There is no principled way to impose a limitation under N.D.C.C. § 40–47–11, contrary to the ordinances of Minot, that this Court did not impose under N.D.C.C. § 40–47–12 where the statute only gave standing to "proper local authorities," but the ordinances of Mott gave standing to "any affected citizen or property owner."

[¶ 29] The majority opinion does not overrule *Munch v. City of Mott*. Unless this Court does so, I would reverse and direct the district court to address the appeal.

[¶ 30]   CAROL RONNING KAPSNER