# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 158

Edwin Schulz,                                            Plaintiff and Appellant

   v.

Adam Helmers,                                            Defendant and Appellee

## No. 20210025

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Jay D. Knudson, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Larry J. Richards, Grand Forks, ND, for plaintiff and appellant.

Victoria A. Thoreson (argued) and Michael J. Morley (on brief), Grand Forks, ND, for defendant and appellee.

**Crothers, Justice.**

[¶1]   Edwin Schulz appeals from a judgment following a bench trial on the damages to his barn, pole barn and shed. He argues the district court applied the wrong measure of damages in his breach of contract claim against Adam Helmers, whom he claims caused a fire that destroyed his buildings. We affirm.

I

[¶2]   Schulz sued Helmers for negligence and breach of contract following a fire that destroyed a barn, pole barn and shed owned by Schulz. At the time of the fire, Schulz was leasing the farmstead to Helmers, including the three buildings. Helmers moved for summary judgment claiming Schulz had no damages and, in the alternative, requested the court rule as a matter of law that under either a contract or tort theory damages were limited to the diminution in value of the property. The district court denied the request to dismiss the case but limited damages on both claims to the diminution in value. Helmers subsequently admitted liability for the fire but denied "the nature and extent of the injuries and damages being claimed by [Schulz]." After a bench trial, the court awarded Schulz $21,663.57, offset by a payment under his insurance policy.

II

[¶3]   The standard for reviewing a district court's decision on a motion for summary judgment is well established:

> "Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most

favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."

*Three Aces Props. LLC v. United Rentals (N. Am.), Inc.*, 2020 ND 258, ¶ 8, 952 N.W.2d 64 (quoting *Feltman v. Gaustad*, 2020 ND 89, ¶ 7, 942 N.W.2d 844).

[¶4] The district court's conclusions of law are fully reviewable. *Stuber v. Engel*, 2017 ND 198, ¶ 10, 900 N.W.2d 230. The interpretation of a contract to determine its legal effect is a question of law, which is fully reviewable. *Three Aces*, 2020 ND 258, ¶ 10. General rules of contract interpretation apply to leases. *Id.* We review the district court's factual findings after a bench trial under the clearly erroneous standard. *Stuber*, ¶ 10. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports the findings, or if, on the entire record, we are left with a definite and firm conviction a mistake has been made. *Id.* We do not reweigh conflicts in evidence, and the district court's choice between two permissible views of the weight of the evidence is not clearly erroneous. *Id.* "The determination of the amount of damages caused by a breach of contract is a finding of fact." *Three Aces*, ¶ 10.

## III

[¶5] Schulz does not challenge the district court's measure of damages on his tort claim; thus our review is limited to the contract claim. On that claim Schulz argues the proper measure of damages is the cost to replace the buildings, not the diminution in value. He contends that damages arising from a breach of contract are governed by terms of the lease, which provides: "The tenant will maintain the buildings and equipment during his tenancy in as good condition as at the beginning, normal wear and depreciation beyond tenant's control excepted." Schulz asserts this language imposes on Helmers a duty to replace the destroyed buildings.

2

[¶6]  Section 32-03-09, N.D.C.C., describes the measure of damages for a breach of contract, stating:

> "For the breach of an obligation arising from contract, the measure of damages, except when otherwise expressly provided by the laws of this state, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby or which in the ordinary course of things would be likely to result therefrom. No damages can be recovered for a breach of contract if they are not clearly ascertainable in both their nature and origin."

[¶7]  At issue here is Helmers' obligation to maintain the leased property. "The word 'maintain' in its ordinary sense is defined as 'to keep in a state of repair.'" *Three Aces*, 2020 ND 258, ¶ 30. After the judgment was issued in this case, we decided *Three Aces*, which addressed for the first time the appropriate measure of damages for a breach of contract claim related to the failure to repair under a lease. *Id.* at ¶ 15. The lease in *Three Aces* included a maintenance provision, stating, "Licensee shall maintain the parking area and fence, such parking area and fence shall be surrendered in a condition similar to that existing at the time Licensee took occupancy, subject to wear and tear caused by the ordinary operation of Licensee's business on the Premises." *Id.* at ¶ 11. The district court concluded the tenant had a duty to maintain the parking area and to surrender the parking area in a condition similar to that which existed when the lease began, and the tenant breached the lease by failing to repair the parking area. *Id.* at ¶ 12. However, the court determined the landlord was not entitled to damages for the breach because there was no diminution of value in the property as a result of the breach and any damages were mitigated by redevelopment of the property. *Id.* at ¶ 6.

[¶8]  On appeal, we reviewed the two measures of damages, stating:

> "We agree that the lesser of the cost to repair or the diminution in value is the proper measure of damages for a breach of a duty to repair in a lease. The rule for damages in construction contract cases is based on avoiding windfalls and economic waste, and the same rationale applies to damages for a breach of the duty to repair related to a lease. The cost to repair generally will be the correct measure, but it is only a place to start in determining the

3

correct amount of damages. The non-breaching party should not be awarded an amount that will put them in a better position than they would have been in if the breach never occurred. We conclude either the cost of repair or the diminution of value may be an appropriate measure of damages in this case."

*Three Aces*, 2020 ND 258, ¶ 18. Because the property was worth the same regardless of whether the repairs were made to the parking area, no damages were recoverable under the diminution of value measure. *Id.* at ¶ 19. However, the cost to repair the parking area would have been approximately $2.7 million. *Id.* at ¶ 20. We concluded, "[T]he cost of repairing the property was significantly higher than the diminution in value. Thus repairing the property was economically impractical. Awarding damages based on the cost to repair would result in [the landlord] receiving a windfall. Diminution of value was the correct measure of damages in this case." *Id.*

[¶9]   Here, Helmers admitted liability for causing the fire. Because Helmers can no longer "maintain the buildings and equipment during his tenancy in as good condition as at the beginning," he breached his lease with Schulz, and Schulz is due damages for the breach. Section 32-03-09, N.D.C.C., provides the general measure of damages for breaching a contract. Specifically in the case of breaching a duty to repair in a lease, *Three Aces* construed this statute to mean the proper measure of damages is the lesser of the cost to repair and the diminution in value.

[¶10] The district court found the total diminution in value of the three buildings was $21,663.57. The court noted that although the property as a whole may have a higher diminution in value than the combined diminution in value of the individual buildings, Schulz failed to present sufficient, credible evidence of a higher amount.

[¶11] At trial, Helmers' valuation expert testified the replacement costs would have been $83,615.41 for the barn, $31,247.54 for the pole barn and $14,488.77 for the garage/shed, totaling $129,351.72. Thus, the replacement cost is approximately $107,688 more than the diminution of value measure. Similar to *Three Aces*, the cost to repair or replace is significantly higher than the

4

diminution of value, and Schulz would receive a windfall if Helmers were required to replace the buildings. Accordingly, the diminution of value is the appropriate measure of damages for Helmers' breach of the lease.

[¶12] The district court concluded N.D.C.C. § 32-03-09.1 applied to the breach of contract claim, which provides the measure of damages for an injury to property not arising from contract:

> "The measure of damages for injury to property caused by the *breach of an obligation not arising from contract*, except when otherwise expressly provided by law, is presumed to be the reasonable cost of repairs necessary to restore the property to the condition it was in immediately before the injury was inflicted and the reasonable value of the loss of use pending restoration of the property, unless restoration of the property within a reasonable period of time is impossible or impracticable, in which case the measure of damages is presumed to be the difference between the market value of the property immediately before and immediately after the injury and the reasonable value of the loss of use pending replacement of the property. Restoration of the property shall be deemed impracticable when the reasonable cost of necessary repairs and the reasonable value of the loss of use pending restoration is greater than the amount by which the market value of the property has been diminished because of the injury and the reasonable value of the loss of use pending replacement."

N.D.C.C. § 32-03-09.1 (emphasis added). Although this statute is similar to the rule established in *Three Aces*, the court used it in error because the statute applies to a breach of an obligation not arising from contract. Because the claim here is for breach of contract, N.D.C.C. § 32-03-09 is the applicable damages statute, and *Three Aces*, although decided after judgment in this case, addresses the appropriate measure of damages for a breach of contract claim related to the failure to repair under a lease. However, the court's misapplication of the law is harmless error because diminution in value is the proper measure and the result is the same whether N.D.C.C. § 32-03-09.1 or the rule in *Three Aces* is applied. *See Schmidt v. City of Minot,* 2016 ND 175, ¶ 16, 883 N.W.2d 909 (stating that "[w]e will not set aside a correct result

merely because the district court's reasoning is incorrect if the result is the same under the correct law and reasoning").

IV

[¶13] We affirm the judgment, concluding the diminution of value is the appropriate measure of damages for Helmers' breach of the lease.

[¶14] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte