2012 ND 134

**Dennis MEIER, Plaintiff and Appellant,**

v.

**NORTH DAKOTA DEPARTMENT OF HUMAN SERVICES, Defendant and Appellee.**

**No. 20120063.**

Supreme Court of North Dakota.

July 12, 2012.

McLain J. Schneider, Grand Forks, ND, for plaintiff and appellant.

Kirsten R. Franzen, Assistant Attorney General, North Dakota Office of Attorney General, Bismarck, ND, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Dennis Meier appealed from a judgment dismissing his appeal from an administrative law judge's ("ALJ") affirmance of a decision by the Department of Human Services to terminate his employment. We affirm, concluding Meier did not properly perfect his appeal because he failed to serve the notice of appeal and specifications of error on Human Resource Management Services ("HRMS").

I

[¶ 2] After the Department terminated Meier from employment, he appealed the termination to HRMS. Following a hearing, the ALJ upheld the termination. Meier attempted to appeal the decision to district court. He served the notice of appeal and specifications of error on the executive director of the Department, the director of the Office of Administrative Hearings, and an assistant attorney general in the civil litigation division in accordance with N.D.C.C. § 28-32-42(4). The

Department moved to dismiss the appeal, arguing the court lacked jurisdiction because Meier failed to also serve HRMS as required under N.D.C.C. § 54–44.3–12.2. The court agreed and dismissed Meier's appeal.

## II

[¶ 3] Meier argues the district court erred in dismissing his appeal because service of the notice of appeal and specifications of error on HRMS is unnecessary to perfect an appeal.

[¶ 4] The right to appeal is governed solely by statute, *Interest of K.J.*, 2010 ND 46, ¶ 14, 779 N.W.2d 635, and an appellant must meet the statutory requirements for perfecting an administrative appeal for a district court to obtain subject matter jurisdiction over the appeal. *Geffre v. North Dakota Dep't of Health*, 2011 ND 45, ¶ 9, 795 N.W.2d 681. We are mindful that an appeal from an administrative agency to the district court invokes that court's appellate jurisdiction, *Lewis v. North Dakota Workers Comp. Bureau*, 2000 ND 77, ¶ 8, 609 N.W.2d 445, and that appeals from an administrative agency involve issues of separation of powers of the three branches of government. *See Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220–21 (N.D.1979); N.D. Const. art. XI, § 26. Here we are asked to review a legislative enactment authorizing an appeal from an executive branch agency. We are cautious of labeling something nonjurisdictional that appears to be a jurisdictional requirement.

[¶ 5] The general provisions for taking an appeal under the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, are found in N.D.C.C. § 28–32–42, which provides in relevant part:

1. Any party to any proceeding heard by an administrative agency, except when the order of the administrative agency is declared final by any other statute, may appeal from the order within thirty days after notice of the order has been given as required by section 28–32–39.

. . . .

4. An appeal shall be taken by serving a notice of appeal and specifications of error specifying the grounds on which the appeal is taken, upon the administrative agency concerned, upon the attorney general or an assistant attorney general, and upon all the parties to the proceeding before the administrative agency, and by filing the notice of appeal and specifications of error together with proof of service of the notice of appeal, and the undertaking required by this section, with the clerk of the district court to which the appeal is taken.

The procedure for termination of state government classified employees is governed by the Central Personnel System Act, N.D.C.C. ch. 54–44.3, which also contains an appeal provision stating in part:

An appeal to the district court from the determination of the administrative law judge must be filed according to chapter 28–32, *including proper service upon the division [HRMS]*, but neither the division [HRMS] nor the office of administrative hearings may be named as a party to the appeal under chapter 28–32 unless an employee of one of those two agencies is involved in the grievance.

N.D.C.C. § 54–44.3–12.2 (emphasis added).

[¶ 6] Interpretation of statutes is a question of law. *Interest of R.A.*, 2011 ND 119, ¶ 24, 799 N.W.2d 332. In interpreting statutes, we look at their plain language and give each word its plain and ordinary meaning unless a contrary intention plainly appears. *Interest of T.H.*,

2012 ND 38, ¶ 22, 812 N.W.2d 373; N.D.C.C. § 1–02–02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. *Leno v. K & L Homes, Inc.*, 2011 ND 171, ¶ 12, 803 N.W.2d 543; N.D.C.C. § 1–02–07. If statutory language is ambiguous or doubtful in meaning, courts may consider extrinsic aids, such as legislative history, to determine legislative intent. *Kaspari v. Olson*, 2011 ND 124, ¶ 13, 799 N.W.2d 348.

[¶ 7] These statutes are not ambiguous. Harmonizing the plain language of these related statutes, we conclude N.D.C.C. § 54–44.3–12.2 simply imposes an additional service requirement to those contained in N.D.C.C. § 28–32–42(4) in appeals brought under N.D.C.C. ch. 54–44.3.

[¶ 8] Meier argues we should rule the jurisdictional service requirements are exclusively found in N.D.C.C. § 28–32–42(4). According to Meier, interpreting the requirement of service on HRMS under N.D.C.C. § 54–44.3–12.2 to be jurisdictional would create a "trap[ ] for the unwary." We reject this argument for two reasons. First, Meier's argument rests on the incorrect premise that the Legislature cannot supplement the jurisdictional service requirements of N.D.C.C. § 28–32–42 through other statutes, at least in the absence of a reference to any additional requirements contained in N.D.C.C. § 28–32–42 itself. Meier's interpretation would create an unwieldy statutory provision. There are more than 100 statutes in the Century Code that reference N.D.C.C. ch. 28–32 as the procedure to be used for an appeal. Although we did not find other statutes that impose additional service requirements, numerous statutes alter the 30–day time period in N.D.C.C. § 28–32–42(1) for taking an appeal. *See, e.g.,* N.D.C.C. § 2–05–19 (may appeal aeronautics commission's issuance of cease and desist order under N.D.C.C. ch. 28–32 "by

filing written notice of appeal within seven days after service of the order"); N.D.C.C. § 13–04.1–13 (may appeal department of financial institution's assessment of civil money penalties under N.D.C.C. ch. 28–32 "by filing a written notice of appeal within twenty days after service of the assessment"); N.D.C.C. § 18–01–18 (appeal from abatement order of state fire marshal governed by N.D.C.C. ch. 28–32 "except that an appeal to the district court must be taken within ten days after the entry of the final order"). Second, we see no "trap[ ] for the unwary" because litigants must first consult the appeal procedures contained in the chapter of the Century Code governing the agency, commission or board involved in the proceedings to determine if N.D.C.C. ch. 28–32 even applies. Although those chapters might generally refer to N.D.C.C. ch. 28–32 as the procedure to be used for taking an appeal, they may also impose additional requirements, as does N.D.C.C. § 54–44.3–12.2.

[¶ 9] Meier argues that service of the notice of appeal and specifications of error on HRMS should be considered nonjurisdictional because of the legislative history of the 2009 amendment to N.D.C.C. § 54–44.3–12.2 which added the phrase, "including proper service upon the division," to the statute. *See* 2009 N.D. Sess. Laws ch. 510, § 1. Meier claims the legislative history suggests service on HRMS was intended for the sole purpose of certifying the administrative record to district court. Therefore, Meier contends, service on HRMS is similar to the filing of an undertaking or supersedeas bond, which we have ruled does not deprive a court of subject matter jurisdiction. *See, e.g., MacDonald v. North Dakota Comm'n on Med. Competency*, 492 N.W.2d 94, 99–100 (N.D. 1992); *Spletto v. Board of Cnty. Comm'rs*, 310 N.W.2d 726, 728–29 (N.D.1981); *Latendresse v. Latendresse*, 283 N.W.2d 70,

73 (N.D.1979). First, we do not consider legislative history when, as in this case, the statutory language is unambiguous. *See, e.g., Prchal v. Prchal,* 2011 ND 62, ¶ 15, 795 N.W.2d 693. Second, we decline to equate the filing of an undertaking or supersedeas bond with service of a notice of appeal, which this Court has long and consistently held is jurisdictional and necessary to properly perfect an appeal. *See, e.g., Reliable, Inc. v. Stutsman Cnty. Comm'n,* 409 N.W.2d 632, 634–35 (N.D. 1987); *In re McIntyre's Estate,* 78 N.D. 10, 21, 47 N.W.2d 527, 531 (1951); *Matter of the Opening of Gold Street v. Newton,* 2 Dakota 39, 40, 3 N.W. 311, 312 (1879). The practical necessity of service on HRMS as a requirement for perfecting an appeal may be questionable, but the "policy or the wisdom of a statute is for the Legislature to determine, not the courts." *Sletten v. Briggs,* 448 N.W.2d 607, 609 (N.D.1989); *see also Montana–Dakota Utils. Co. v. Johanneson,* 153 N.W.2d 414, 423 (N.D.1967).

■ [¶ 10] The result in this case was foreshadowed by this Court's decision in *Geffre,* 2011 ND 45, ¶¶ 10–15, 795 N.W.2d 681, in which we refused to overrule the holding in *North Dakota Dep't of Human Services v. Ryan,* 2003 ND 196, ¶ 21, 672 N.W.2d 649, that the failure to serve a notice of appeal on HRMS did not deprive the district court of jurisdiction to consider the appeal. This Court noted the Legislature had amended N.D.C.C. § 54–44.3–12.2 effective August 1, 2009, and said "[w]e decline the Department's invitation to overrule *Ryan* when applied to administrative appeals taken before August 2009." *Geffre,* at ¶¶ 15, 16. We held "the district court did not err in refusing to dismiss Geffre's appeal because it was properly perfected under the law as it existed at the time." *Id.* at ¶ 16. Meier's argument that service on an assistant attorney general satisfies the requirement of service on HRMS would render the 2009 amendment to N.D.C.C. § 54–44.3–12.2 meaningless. We construe statutes in a way which does not render them meaningless because we presume the Legislature acts with purpose and does not perform idle acts. *See Wheeler v. Gardner,* 2006 ND 24, ¶ 15, 708 N.W.2d 908; *State v. Haugen,* 365 N.W.2d 549, 551 (N.D.1985); *see also* N.D.C.C. § 1–02–38(2).

■ [¶ 11] We conclude service of the notice of appeal and specifications of error on HRMS is necessary to properly perfect an appeal from ALJ decisions under the Central Personnel System Act, N.D.C.C. ch. 54–44.3. Consequently, the district court correctly ruled that Meier failed to properly perfect his appeal and did not err in dismissing the appeal.

### III

[¶ 12] It is unnecessary to address other arguments raised because they are either unnecessary to the decision or are without merit. The judgment is affirmed.

[¶ 13] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.