2016 ND 148

Jonathan T. GARAAS, Appellant

v.

CASS COUNTY JOINT WATER RE-
SOURCE DISTRICT, a political sub-
division of the State of North Dakota,
Appellee.

No. 20150350.

Supreme Court of North Dakota.

July 20, 2016.

Jonathan T. Garaas, Fargo, ND, appellant.

Christopher M. McShane (argued) and Andrew D. Cook (on brief), West Fargo, ND, for appellee.

CROTHERS, Justice.

[¶ 1]   Jonathan T. Garaas appeals after a district court entered a judgment of dismissal for lack of subject matter jurisdiction. Garaas argues the district court erred dismissing his case because its subject matter jurisdiction was invoked when he filed a notice of appeal in the district court. We conclude the district court did not misapply the law finding the case was not properly brought before the court. The judgment dismissing the case is affirmed.

## I

[¶ 2] On May 14, 2015, the Cass County Joint Water District ("District") ordered the establishment of an assessment district to fund the development, operation and maintenance of a Fargo–Moorhead flood risk management project under N.D.C.C. ch. 61–16.1. On June 12, 2015, Garaas filed with the district court a notice of appeal from the decision of a local governing body under N.D.C.C. § 28–34–01. On June 16, 2015, a Cass County deputy sheriff served Garaas' notice of appeal on the District's secretary-treasurer, Carol Harbeke Lewis. Lewis is not a member of the District's governing board. On June 18, 2015, attorneys from Ohnstad Twichell, P.C., served Garaas a notice of appearance in the case. On June 25, 2015, the deputy sheriff's return was served on the District's attorneys and filed in the district court.

[¶ 3] On July 2, 2015, the District moved to dismiss the case for lack of jurisdiction. On July 16, 2015, a Cass County deputy sheriff served Garaas' notice of appeal on District board member, Mark Brodshaug. On November 24, 2015, the district court dismissed Garaas' claim for lack of subject matter jurisdiction, finding he failed to perfect his appeal by properly serving the notice of appeal on a board member as required by N.D.C.C. § 28–34–01. Garaas appeals the district court's judgment of dismissal.

## II

[¶ 4] Garaas argues the district court acquired subject matter jurisdiction when he timely filed the notice of appeal. "As a prerequisite to issuing a valid order or judgment, a court must have both subject matter and personal jurisdiction." *Trottier v. Bird,* 2001 ND 177, ¶ 5, 635 N.W.2d 157. "Subject-matter jurisdiction is the court's power to hear and determine the general subject involved in the action...." *Albrecht v. Metro Area Ambulance,* 1998 ND 132, ¶ 10, 580 N.W.2d 583. "Issues involving subject matter jurisdiction cannot be waived and can be raised sua sponte at any time." *Earnest v. Garcia,* 1999 ND 196, ¶ 7, 601 N.W.2d 260.

[¶ 5] "For subject-matter jurisdiction to attach, 'the particular issue to be determined must be properly brought before the court in the particular proceeding.'" *Albrecht,* 1998 ND 132, ¶ 11, 580 N.W.2d 583. North Dakota Rule of Civil Procedure 12(h)(3) compels the district court to dismiss an action whenever it appears the court lacks jurisdiction of the subject matter. In this case, the district court dismissed the appeal finding subject matter jurisdiction did not attach because Garaas failed to properly bring the action before the court according to the provisions in N.D.C.C. § 28–34–01.

[¶ 6] "When jurisdictional facts are not disputed, the issue of subject matter jurisdiction is a question of law, which we review de novo." *In re Estate of Vaage,* 2016 ND 32, ¶ 14, 875 N.W.2d 527. Section 28–34–01, N.D.C.C., provides in relevant part:

"Appeals from local governing bodies— Procedures.

This section, to the extent that it is not inconsistent with procedural rules adopted by the North Dakota supreme court, governs any appeal provided by statute from the decision of a local governing body, except those court reviews provided under sections 2–04–11 and 40–51.2–15. For the purposes of this section, 'local governing body' includes any officer, board, commission, resource or conservation district, or other political subdivision. Each appeal is governed by the following procedure:

1. The notice of appeal must be filed with the clerk of the court within thirty days after the decision of the local governing body. A copy of the notice of appeal must be served on the local governing body in the manner provided by rule 4 of the North Dakota Rules of Civil Procedure."

[¶ 7] "The interpretation of a court rule or statute is a question of law that we review de novo." *State v. Chacano*, 2012 ND 113, ¶ 10, 817 N.W.2d 369. We apply principles of statutory construction to ascertain intent when interpreting rules by:

"[L]ooking first to the language of the rule, where words are construed in accordance with their plain, ordinary, and commonly understood meaning. If possible, we construe rules as a whole to give meaning to each word and phrase. We also consider the actual language, its connection with other clauses, and the words or expressions which obviously are by design omitted. In construing statutes and rules, the law is what is said, not what is unsaid, and the mention of one thing implies exclusion of another."

*Sanderson v. Walsh Cty.*, 2006 ND 83, ¶ 16, 712 N.W.2d 842 (internal quotations and citations omitted).

[¶ 8] Section 28–34–01, N.D.C.C., "governs any appeal provided by statute from the decision of a local governing body...." Water resource districts are created under N.D.C.C. ch. 61–16 and are defined as "a governmental agency, and a body politic and corporate with the authority to exercise [the] powers specified...." N.D.C.C. § 61–16–06. Chapter 61–16, N.D.C.C., provides a statutory right to appeal their decisions: "An appeal may be taken to the district court from any order or decision of the water resource board by any person aggrieved." N.D.C.C. § 61–16.1–54. Ga-

raas filed his appeal under N.D.C.C. § 28–34–01 and the parties do not dispute it applies in this case.

[¶ 9] Section 28–34–01(1), N.D.C.C., by its plain language requires a notice of appeal to be filed with the clerk of court within 30 days of the decision of the local governing body. The District ordered the establishment of the special assessment district on May 14, 2015. Garaas filed a notice of appeal with the clerk of court on June 12, 2015. Garaas properly filed the notice of appeal with the district court within 30 days of the District's decision. Garaas argues this was sufficient to give the district court jurisdiction over the case. However, N.D.C.C. § 28–34–01(1), also requires a copy of the notice of appeal be served on the local governing body "in the manner provided by rule 4 of the North Dakota Rules of Civil Procedure." N.D.C.C. § 28–34–01(1).

[¶ 10] North Dakota Rule of Civil Procedure Rule 4 provides the procedure and scope of jurisdiction, process and service in North Dakota. *See generally* N.D.R.Civ.P. Rule 4. With regard to in-state service, N.D.R.Civ.P. Rule 4(d)(2)(E), provides:

"Serving a Municipal or Public Corporation. Service must be made on a city, township, school district, park district, county, or any other municipal or public corporation, by delivering a copy of the summons to any member of its governing board."

[¶ 11] The District argues, and the district court agreed, Garaas failed to perfect his appeal because N.D.R.Civ.P. Rule 4(d)(2)(E) required him to serve a District board member and N.D.C.C. § 28–34–01(1) required him to do so within 30 days of the District's decision.

## A.

[11] [¶ 12] Garaas first argues N.D.R.Civ.P., Rule 4(d)(2)(E) does not apply. We hold that it does. A water district is "a governmental agency, and a body politic and corporate...." N.D.C.C. § 61–16–06. Rule 4(d)(2)(E), N.D.R.Civ.P., requires service on a board member for "any ... municipal or public corporation...." Rule 4(d)(2)(E), N.D.R.Civ.P., governs public corporations, which includes the District as a "body politic and corporate." This Court recognizes a body politic and corporate as a public corporation, *See Ferch v. Housing Authority of Cass County*, 79 N.D. 764, 59 N.W.2d 849, 865 (1953) ("The Housing Authority is created 'a public body corporate and politic.' Section 23–1102 NDRC 1943. It is a public corporation for public purposes."). Similarly, the District, a "body politic and corporate," is a public corporation for public purposes. This interpretation is consistent with previous actions against a water district. *See Gessner v. City of Minot*, 529 N.W.2d 868, 869 (N.D.1995) ("Gessner ... served a summons and complaint on Arden Hamar, Chairperson of the Ward County Water Management District...."). Therefore, N.D.R.Civ.P. Rule 4(d)(2)(E) applies.

## B.

[¶ 13] Garaas argues Rule 4(d)(2)(E), N.D.R.Civ.P., does not itself include time limiting language. He argues the time limiting language contained in N.D.C.C. § 28–34–01(1) only imposes a time limit on filing an action with the clerk of court and not on service of a board member. Garaas seems to propose because N.D.R.Civ.P. Rule 4(d)(2)(E) does not include time limiting language, service on a board member must only be within a reasonable amount of time. *See* N.D.C.C. § 9–07–22 (In contract law, "[i]f no time is specified for the performance of an act required to be performed, a reasonable time is allowed."). The District argues that the time limiting language contained in N.D.C.C. § 28–34–01(1) applies to both the filing with the clerk of court and the service on a board member.

[¶ 14] The parties' arguments are rational interpretations of the statute. "A statute is ambiguous if it is susceptible to different, rational meanings." *Locken v. Locken*, 2011 ND 90, ¶ 9, 797 N.W.2d 301 (quoting *Sauby v. City of Fargo*, 2008 ND 60, ¶ 8, 747 N.W.2d 65). In determining the legislative intent of an ambiguous statute a court may consider the object sought to be attained, the circumstances under which the statute was enacted, the legislative history, common law or former statutory provisions or consequences of a particular construction. N.D.C.C. § 1–02–39.

[¶ 15] In 1989 N.D.C.C. § 28–34–01(1) was introduced as Section 1 of Senate Bill 2047 to provide guidance on agency appeals not covered by the Administrative Agencies Practices Act. *Hearing on S.B. 2047 before the Senate Standing Comm.*, 51st N.D. Legis. Sess. (Jan. 9, 1989) (testimony of Senator Wayne Stenehjem) ["*Hearing on S.B. 2047*"]. Section 28–34–01(1), N.D.C.C., was introduced with language providing a 15 day limit on filing an appeal with the clerk of court. *Hearing on S.B. 2047*. Legislators disagreed whether the 15 day limit was sufficient or whether it should be extended to 30 days. *Id.* Legislators amended the language to provide for a 30 day limit, deciding a 15 day limit conflicted with Section 30 of S.B. 2047, which provided a right to appeal to the district court within 30 days. *Id.*

[¶ 16] The legislators ultimately struck the time limiting language in Section 30. Section 30, S.B. 2047, amended the language of N.D.C.C. § 61–21–17 as follows:

"61–21–17. Notice of order establishing drain and period for appeal. Upon the making of an order establishing or denying establishment of a drain, the board shall give notice to all affected landowners by publishing a notice in a newspaper of general circulation in ~~such~~ *the* county. ~~Such~~ *The* notice ~~shall~~ *must* include a copy of ~~such~~ *the* order and ~~shall~~ *must* advise the affected landowners ~~that~~ *of* their right to appeal ~~to the district court from such order will expire upon thirty days from and after the date of such publication~~ *under section 61–21–18.*"

[¶ 17] Instead of expressly requiring an appeal within 30 days, the new language referenced compliance with N.D.C.C. § 61–21–18. Section 31, S.B. 2047, amended N.D.C.C. § 61–21–18 as follows:

"61–21–18. Appeal to district court—Time—Undertaking—Hearing. Any person whose land is assessed or may be assessed or is condemned or may be condemned for the construction of a drain under the provisions of this chapter may appeal to the district court from the order of the board establishing or denying the establishment of the drain. ~~Such appeal shall be taken and perfected within thirty days from and after the date of publication of the 'notice of order establishing the drain and time of expiration of right of appeal'.~~ *The appeal must be taken in accordance with the procedure provided in section 1 of this Act.* The appellant must ~~file with the clerk of court and serve upon a member of the board, a notice of appeal, and must~~ give an undertaking to be approved by the clerk of the district court in the sum of two hundred fifty dollars for the payment of the costs in the event that the appellant is unsuccessful in the district court. ~~Such~~ *The* undertaking ~~shall~~ *must* run in favor of the county in which the drain is located, and, if located in more than one county, it may run in the name of either of the counties in which the drain is located. The judge shall hear ~~such~~ *the* appeal not less than ten days nor more than thirty days after the filing of ~~such~~ *the* appeal with the clerk, the day of hearing to be fixed by the court, but such time for hearing may be extended by the court for good cause for a period not to exceed thirty days. The case ~~shall~~ *must* be tried in all respects as a court case without a jury ~~and costs shall be allowed and taxed as costs are taxed in said courts in civil actions and upon like notice.~~ Where ~~such~~ *the* appeal is perfected, the district court upon the hearing may try and determine the question as to whether, in the first instance, there was sufficient cause for making the petition for the establishment of the drain, whether the proposed drain will cost more than the amount of the benefits to be derived therefrom, and whether such drain was objected to by a majority of the affected landowners in accordance with the weighted voting provisions of section 61–21–16."

[¶ 18] The legislative history indicates the 30 day limit of N.D.C.C. § 28–34–01(1) was an important consideration at the time of its introduction. Initially, legislators only intended a 15 day period for appeals. The 30 day period was chosen as a matter of consistency with the 30 day provision of N.D.C.C. § 61–21–17. The legislators' disagreement over whether the period for appeals would be 15 or 30 days indicates its intent to require prompt action by landowners for timely resolution of claims. Section 61–21–17, N.D.C.C., ultimately was amended to remove the 30 day requirement in favor of requiring compliance with N.D.C.C. § 61–21–18. Section 61–21–18, N.D.C.C., also was amended to remove the language limiting time and requiring ser-

vice upon a board member. Those provisions were replaced with language requiring appeals to be taken "in accordance with the procedure provided in section 1 of this Act." Section 1 of the Act refers back to N.D.C.C. § 28–34–01(1), which contains its own time limiting language and reference to service of a board member through N.D.R.Civ.P. Rule 4(d)(2)(E).

[¶ 19] The amended statutes replaced redundant language with cross-references to other statutes requiring similar or identical provisions. "Although generally it is presumed a legislative enactment is intended to change existing law, when analyzing an amendment we must consider whether the purpose was to clarify or alter the law." *Douville v. Pembina County Water Resource Dist.*, 2000 ND 124, ¶ 13, 612 N.W.2d 270. In this case the legislative history demonstrates the removed language was replaced with cross-references to statutes requiring landowners to file appeals within 30 days and to serve a copy on a member of the District's board. These amendments clarified, rather than changed the law.

[¶ 20] The legislative history does not directly answer whether the 30 day requirement of N.D.C.C. § 28–34–01(1) applies to the service requirement of N.D.R.Civ.P. Rule 4(d)(2)(E). Construing the statute as a whole in an effort to give effect to all of the clauses, we conclude that it does. The legislative history shows that a time limiting provision was an important consideration during the bill's introduction and that it has been included either explicitly or by reference since that time. The inclusion of the time limiting provision indicates the legislature's intent to require the prompt resolution of claims. Prompt resolution of claims could not be effectuated without prompt service on the responding party.

[¶ 21] Our interpretation is consistent with the remainder of the statute which requires:

"Within thirty days, or such longer time as the court by order may direct, after the notice of appeal has been filed in the court, and after the deposit by the appellant of the estimated cost of a transcript of the evidence, the local governing body shall prepare and file in the office of the clerk of the court in which the appeal is pending the original or a certified copy of the entire proceedings before the local governing body ... including the pleadings, notices, transcripts of all testimony taken, exhibits, reports or memoranda, exceptions or objections, briefs, findings of fact, proposed findings of fact submitted to the local governing body, and the decision of the local governing body in the proceedings."

N.D.C.C. § 28–34–01(2).

[¶ 22] After the appellant files a notice of appeal with the district court, the local governing body has 30 days to file a copy of the proceedings with the clerk of court. To comply with the statute, the local governing body must be aware that a landowner filed an appeal. It is the appellant's responsibility to promptly serve a copy of the notice of the appeal on the local governing body. This allows the local governing body the opportunity to comply with N.D.C.C. § 28–34–01(2) by providing a copy of the record within 30 days.

[¶ 23] Garaas had 30 days after the District's order to file a notice of appeal with the district court and serve a copy of the notice to a board member. Those nearly simultaneous actions would provide notice to the District an appeal has been filed and allow the District time to prepare and file a copy of the proceedings. To hold otherwise would allow for the absurd result of requiring the governing body to

file the record of proceedings before the governing body receives notice of the appeal and knows an appeal has been taken from its order.

### C.

[¶ 24] We hold that to properly appeal the District's order Garaas had 30 days to file his notice of appeal with the district court and serve a board member of the local governing body with notice of the appeal. "Specific requirements for service of process must be strictly complied with, and a judgment based on service where the procedural requirements of the rule have not been followed is void." *Gessner v. City of Minot*, 1998 ND 157, ¶ 5, 583 N.W.2d 90 (quoting *Farrington v. Swenson*, 210 N.W.2d 82, 83 (N.D.1973)).

[¶ 25] Garaas had the burden of ensuring proper service. *Reliable, Inc. v. Stutsman County Com'n*, 409 N.W.2d 632, 634 (N.D.1987) ("[I]n order for a court to have subject matter jurisdiction over an appeal, the appellant must meet the statutory requirements for perfecting the appeal."). The sheriff's return shows the notice of appeal was served on Lewis. Garaas could have taken corrective action under N.D.R.Civ.P. Rule 4(d)(2)(G), which provides:

> "Serving an Agent Not Authorized to Receive Process. If service is made on an agent who is not expressly authorized by appointment or by law to receive service of process on behalf of the defendant, a copy of the summons and complaint must be mailed or delivered via a third-party commercial carrier to the defendant with return receipt requested not later than ten days after service by depositing a copy of the summons and complaint, with postage or shipping prepaid, in a post office or with a commercial carrier in this state and directed to the defendant to be served at the defendant's last reasonably ascertainable address."

[¶ 26] Garaas did not attempt corrective action under N.D.R.Civ.P. Rule 4(d)(2)(G). After the District moved to dismiss on July 2, 2015, Garaas made a second attempt to serve the District. The Cass County deputy sheriff served District board member, Mark Brodshaug, on July 16, 2015. That service was more than 30 days after the District's May 14, 2015 order and did not comply with applicable law.

### III

[¶ 27] Garaas argues service on the District is an issue of personal jurisdiction as opposed to subject matter jurisdiction. "Valid service of process is necessary to assert personal jurisdiction over a defendant." *Gessner v. City of Minot*, 1998 ND 157, ¶ 5, 583 N.W.2d 90 (citing *Smith v. City of Grand Forks*, 478 N.W.2d 370, 371 (N.D.1991)). However, service of process also can implicate subject matter jurisdiction. *See Meier v. North Dakota Dept. of Human Services*, 2012 ND 134, ¶ 9, 818 N.W.2d 774 ("[T]his Court has long and consistently held [service of a notice of appeal] is jurisdictional and necessary to properly perfect an appeal.)"; *see also Benson v. Workforce Safety Ins.*, 2003 ND 193, ¶ 6, 672 N.W.2d 640 ("If the appellant does not serve the notice of appeal as required by the statute, the district court lacks subject matter jurisdiction and the appeal must be dismissed.").

[¶ 28] In this case, service of process implicated subject matter jurisdiction. "Timely filing of an appeal from a decision of a [local governing body] is mandatory to invoke a district court's appellate subject matter jurisdiction over the appeal." *Grand Forks Homes, Inc. v. State*, 2011 ND 65, ¶ 20, 795 N.W.2d 335. "The 30–day time limit for appealing a local

governing body decision under N.D.C.C. § 28–34–01 is ... a statute conferring appellate subject-matter jurisdiction upon a reviewing court." *Zajac v. Traill County Water Resource District*, 2016 ND 134, ¶ 10, 881 N.W.2d 666.

[¶ 29] "For subject-matter jurisdiction to attach, the particular issue to be determined must be properly brought before the court in the particular proceeding." *Albrecht*, 1998 ND 132, ¶ 11, 580 N.W.2d 583 (internal quotation marks omitted). To properly bring an appeal under N.D.C.C. § 28–34–01, Garaas had 30 days after the District's decision to file a notice of appeal with the clerk of court and serve a member of the local governing board. Without fulfilling both requirements, subject matter jurisdiction did not attach and the district court was required to dismiss the case under N.D.R.Civ.P. 12(h)(3).

## IV

[¶ 30] The district court did not misapply the law finding the case was not properly brought before the court. The judgment dismissing the case for lack of subject matter jurisdiction is affirmed.

[¶ 31] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.