Crothers, Justice.
 

 [¶1] S & B Dickinson Apartments I, LLC, and Dickinson Properties, LLC, appeal a judgment affirming the Stark County Board of Commissioners' denial of their requests for an abatement of property taxes for the year 2016. We conclude the district court did not have jurisdiction and the appeals should have been dismissed because the statutory requirements for perfecting an appeal were not followed. We reverse and remand for entry of judgment dismissing the appeals.
 

 I
 

 [¶2] S & B owns the Sierra Ridge apartment complex in Dickinson. Dickinson Properties owns the Microtel Inn & Suites in Dickinson. In January 2017 S & B and Dickinson Properties applied for an abatement or refund of their 2016 property taxes relating to the subject properties. The parties argued that changes in the oil and gas industry reduced demand for housing and lodging properties. The Sierra Ridge apartments were assessed at $36,451,720.00 and S & B submitted an appraisal valuing the apartment complex at $16,550,000.00. The Microtel was assessed at $5,305,000.00 and Dickinson Properties submitted evidence showing its value was $2,000,000.00.
 

 [¶3] On March 20, 2017 the Board denied the requests for abatement. S & B and Dickinson Properties each appealed the Board's decision to the district court on March 23, 2017. S & B and Dickinson Properties also served a notice of appeal on the state tax commissioner by registered mail. Proof of service on the tax commissioner was not in the record on appeal; however, the parties do not dispute the notice was served more than thirty days after the Board's decision. After their appeals were consolidated, the court affirmed the Board's decision denying the requests for abatement.
 

 II
 

 [¶4] The Board argues the district court lacked jurisdiction and the appeals should have been dismissed because S & B and Dickinson Properties failed to timely serve a notice of appeal on the state tax commissioner as required under N.D.C.C. § 11-11-41.
 

 [¶5] "The right to appeal is governed solely by statute."
 
 Meier v. N.D. Dep't of Human Serv.
 
 ,
 
 2012 ND 134
 
 , ¶ 4,
 
 818 N.W.2d 774
 
 . "The statutory requirements for filing and serving a notice of appeal from an [administrative] agency order are jurisdictional."
 
 Altru Specialty Serv., Inc. v. N.D. Dep't of Human Serv.
 
 ,
 
 2017 ND 270
 
 , ¶ 8,
 
 903 N.W.2d 721
 
 ;
 
 see also
 

 Reliable Inc. v. Stutsman Cty. Comm'n
 
 ,
 
 409 N.W.2d 632
 
 , 634 (N.D. 1987) ("in order for a court to have subject matter jurisdiction over an appeal, the appellant must meet the statutory requirements for perfecting the appeal"). Subject matter jurisdiction cannot be waived and can be raised sua sponte at any time in a proceeding.
 

 *505
 

 Garaas v. Cass Cty. Joint Water Res. Dist.
 
 ,
 
 2016 ND 148
 
 , ¶ 4,
 
 883 N.W.2d 436
 
 .
 

 [¶6] "An appeal may be taken to the district court from any decision of the board of county commissioners by any aggrieved person." N.D.C.C. § 11-11-39. The procedure for an appeal from a board of county commissioners is governed by N.D.C.C. § 28-34-01. Section 28-34-01(1), N.D.C.C., relates to filing the notice of appeal:
 

 "The notice of appeal must be filed with the clerk of the court within thirty days after the decision of the local governing body. A copy of the notice of appeal must be served on the local governing body in the manner provided by rule 4 of the North Dakota Rules of Civil Procedure."
 

 [¶7] If the appeal involves tax matters, N.D.C.C. § 11-11-41 requires a notice of appeal to be served on the state tax commissioner: "If the decision from which an appeal is taken relates to tax refunds, tax abatements, or other matters relating to taxation, in addition to the notice of appeal required by section 28-34-01, a notice of appeal also must be served by registered mail upon the state tax commissioner."
 

 [¶8] Here, S & B and Dickinson Properties filed and served the Board with the notice of appeal within thirty days of the Board's decision denying their requests for abatement. S & B and Dickinson Properties served the state tax commissioner with the notice of appeal more than thirty days after the Board's decision.
 

 [¶9] The Board argues that like N.D.C.C. § 28-34-01(1), N.D.C.C. § 11-11-41 requires service on the tax commissioner within thirty days of the decision. S & B and Dickinson Properties argue that because N.D.C.C. § 11-11-41 does not include a time limit, service on the tax commissioner must be within a reasonable time.
 

 [¶10] Statutory interpretation is a question of law.
 
 Garaas
 
 ,
 
 2016 ND 148
 
 , ¶ 7,
 
 883 N.W.2d 436
 
 . We apply principles of statutory construction to determine legislative intent, and the intent is initially sought from the language of the statute.
 

 Id.
 

 Words are given their plain, ordinary and commonly understood meaning, unless they are specifically defined or a contrary intention plainly appears. N.D.C.C. § 1-02-02. A statute is interpreted to give effect to all of its provisions. N.D.C.C. § 1-02-38(2). "Statutes are construed as a whole and are harmonized to give meaning to related provisions."
 
 Meier
 
 ,
 
 2012 ND 134
 
 , ¶ 6,
 
 818 N.W.2d 774
 
 ; N.D.C.C. § 1-02-07.
 

 [¶11] We addressed an argument similar to S & B's and Dickinson Properties' in
 
 Garaas
 
 ,
 
 2016 ND 148
 
 ,
 
 883 N.W.2d 436
 
 . In
 
 Garaas
 
 , a landowner's appeal of a joint water district's decision was dismissed by the district court for failure to timely serve a notice of appeal on a board member.
 
 Id.
 
 at ¶ 3. On appeal, the landowner argued the time limiting language contained in N.D.C.C. § 28-34-01(1) only imposed a thirty-day time limit on filing the notice of appeal with the clerk of court and not on service of the notice on a board member.
 
 Id.
 
 at ¶ 13. The landowner argued that service on a board member must be within a reasonable amount of time.
 
 Id.
 

 [¶12] We discussed Senate Bill 2047, which enacted N.D.C.C. § 28-34-01(1) and amended other statutes in 1989.
 
 Garaas
 
 ,
 
 2016 ND 148
 
 , ¶ 15,
 
 883 N.W.2d 436
 
 . The legislature enacted N.D.C.C. § 28-34-01 to provide a procedure for appeals from local governing bodies.
 

 Id.
 

 Two of the amended statutes addressed in
 
 Garaas
 
 were N.D.C.C. §§ 61-21-17 and 61-21-18, relating to appeals from drainage assessment projects.
 

 Id.
 

 at ¶¶ 16 -18. The former N.D.C.C. § 61-21-18 required landowners to file an appeal and serve a board member
 
 *506
 
 a notice of appeal within thirty days of a water district's decision.
 
 Id.
 
 at ¶¶ 17-18. The amended N.D.C.C. § 61-21-18 removed that language and included a reference to N.D.C.C. § 28-34-01, which contained "its own time limiting language and reference to service of a board member through N.D.R.Civ.P. Rule 4(d)(2)(E)."
 
 Id.
 
 at ¶ 18.
 

 [¶13] We summarized the legislative history of Senate Bill 2047:
 

 "The amended statutes replaced redundant language with cross-references to other statutes requiring similar or identical provisions. 'Although generally it is presumed a legislative enactment is intended to change existing law, when analyzing an amendment we must consider whether the purpose was to clarify or alter the law.'
 
 Douville v. Pembina Cty. Water Resource Dist.
 
 ,
 
 2000 ND 124
 
 , ¶ 13,
 
 612 N.W.2d 270
 
 . In this case the legislative history demonstrates the removed language was replaced with cross-references to statutes requiring landowners to file appeals within 30 days and to serve a copy on a member of the District's board. These amendments clarified, rather than changed the law.
 

 "The legislative history does not directly answer whether the 30 day requirement of N.D.C.C. § 28-34-01(1) applies to the service requirement of N.D.R.Civ.P. Rule 4(d)(2)(E). Construing the statute as a whole in an effort to give effect to all of the clauses, we conclude that it does. The legislative history shows that a time limiting provision was an important consideration during the bill's introduction and that it has been included either explicitly or by reference since that time. The inclusion of the time limiting provision indicates the legislature's intent to require the prompt resolution of claims. Prompt resolution of claims could not be effectuated without prompt service on the responding party."
 

 Garaas
 
 ,
 
 2016 ND 148
 
 , ¶¶ 19-20,
 
 883 N.W.2d 436
 
 . We held "that to properly appeal the [Water] District's order [the landowner] had 30 days to file his notice of appeal with the district court and serve a board member of the local governing body with notice of the appeal."
 
 Id.
 
 at ¶ 24.
 

 [¶14] Another statute amended in 1989 as part of Senate Bill 2047 was N.D.C.C. § 11-11-41. 1989 N.D. Sess. Laws ch. 83, § 4. The legislation amended the language of N.D.C.C. § 11-11-41 as follows:
 

 "11-11-41.
 
 Time for appeal
 
 -Notice-
 
 Transcript of proceedings. An appeal from a decision of the board of county commissioners must be taken within thirty days after the decision of the board by serving a written notice of appeal upon one member of the board.
 
 If the decision from which an appeal is taken relates to tax refunds, tax abatements, or other matters relating to taxation,
 
 in addition to the notice of appeal required by section 1 of this Act,
 
 a notice of appeal also
 
 shall
 

 must
 
 be served by registered
 
 or certified
 
 mail upon the state tax commissioner.
 
 The county auditor, upon the filing of the undertaking, shall make out a complete transcript of the proceedings of the board relating to the matter in controversy, and shall deliver the same to the clerk of the district court.
 
 "
 

 Id.
 

 [¶15] Like N.D.C.C. § 61-21-18 discussed in
 
 Garaas
 
 , N.D.C.C. § 11-11-41 was amended to remove the language limiting the time for appeal and requiring service on a board member. That language was moved to N.D.C.C. § 28-34-01(1). 1989 N.D. Sess. Laws ch. 83, § 1. The amendments retained the additional requirement to serve a notice of appeal on the state tax
 
 *507
 
 commissioner and included a reference to N.D.C.C. § 28-34-01.
 

 [¶16] After reviewing the legislative history of Senate Bill 2047, we concluded the "amendments clarified, rather than changed the law."
 
 Garaas
 
 ,
 
 2016 ND 148
 
 , ¶ 19,
 
 883 N.W.2d 436
 
 . We also stated the inclusion of the time limiting provision in N.D.C.C. § 28-34-01 along with references to that statute in other statutes indicated the legislature intended "to require the prompt resolution of claims."
 
 Id.
 
 at ¶ 20.
 

 [¶17] Section 11-11-41, N.D.C.C., does not include a time limit for serving the notice of appeal on the state tax commissioner. However, it contains a reference to N.D.C.C. § 28-34-01, which includes a thirty-day time limit for filing an appeal and serving a notice of appeal on the local governing body.
 

 [¶18] S & B and Dickinson Properties argue N.D.C.C. § 11-11-41 does not require service of the notice of appeal on the state tax commissioner to confer subject matter jurisdiction on the district court. In other words, they claim N.D.C.C. § 11-11-41 is nonjurisdictional and is simply a "notice" statute. We disagree.
 

 [¶19] In
 
 Meier
 
 ,
 
 2012 ND 134
 
 , ¶¶ 5-6,
 
 818 N.W.2d 774
 
 , we interpreted N.D.C.C. § 54-44.3-12.2, relating to appeals brought under the Central Personnel System Act, N.D.C.C. ch. 54-44.3. The Central Personnel System Act governs the procedure for termination of state government classified employees, and N.D.C.C. § 54-44.3-12.2 states in part:
 

 "An appeal to the district court from the determination of the administrative law judge must be filed according to chapter 28-32,
 
 including proper service upon the division [Human Resource Management Services
 
 ], but neither the division [HRMS] nor the office of administrative hearings may be named as a party to the appeal under chapter 28-32 unless an employee of one of those two agencies is involved in the grievance."
 

 Meier
 
 , at ¶ 5 (quoting N.D.C.C. § 54-44.3-12.2 ) (emphasis added).
 

 [¶20] We noted the general provisions for bringing an appeal to the district court under the Central Personnel System Act are found in N.D.C.C. § 28-32-42 of the Administrative Agencies Practice Act.
 
 Meier
 
 ,
 
 2012 ND 134
 
 , ¶ 2,
 
 818 N.W.2d 774
 
 . The requirements for service of the notice of appeal are contained in N.D.C.C. § 28-32-42(4).
 
 Meier
 
 , at ¶ 2. After harmonizing N.D.C.C. §§ 28-32-42(4) and 54-44.3-12.2, we concluded " N.D.C.C. § 54-44.3-12.2 simply imposes an additional service requirement to those contained in N.D.C.C. § 28-32-42(4) in appeals brought under N.D.C.C. ch. 54-44.3."
 
 Meier
 
 , at ¶ 7. We also stated:
 

 "[T]his Court has long and consistently held [service of a notice of appeal] is jurisdictional and necessary to properly perfect an appeal. The practical necessity of service on HRMS as a requirement for perfecting an appeal may be questionable, but the 'policy or the wisdom of a statute is for the Legislature to determine, not the courts.' "
 

 Id.
 
 at ¶ 9 (citations omitted). We held "service of the notice of appeal and specifications of error on HRMS is necessary to properly perfect an appeal [to a district court] from ALJ decisions under the Central Personnel System Act, N.D.C.C. ch. 54-44.3."
 
 Meier
 
 , at ¶ 11.
 

 [¶21] Here, N.D.C.C. § 11-11-41 requires the notice of appeal to be served on the state tax commissioner in addition to the requirements under N.D.C.C. § 28-34-01. Similar to N.D.C.C. § 54-44.3-12.2, N.D.C.C. § 11-11-41 imposes an additional service requirement to those in N.D.C.C. § 28-34-01 in appeals relating to taxation
 
 *508
 
 brought under N.D.C.C. ch. 11-11.
 
 See
 

 Meier
 
 ,
 
 2012 ND 134
 
 , ¶ 7,
 
 818 N.W.2d 774
 
 .
 

 [¶22] Service of the notice of appeal on the state tax commissioner within thirty days is necessary to perfect an appeal from a board of county commissioners' decision relating to taxation. Because the notice of appeal was not timely served on the state tax commissioner as required by N.D.C.C. § 11-11-41, the district court did not acquire subject matter jurisdiction over the appeals.
 

 III
 

 [¶23] We reverse the judgment and remand for the district court to enter a judgment dismissing S & B's and Dickinson Properties' appeals.
 

 [¶24] Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Jerod E. Tufte
 

 Gerald W. VandeWalle, C.J.