Per Curiam.
 

 [¶ 1] The Williams County Board of Commissioners moves for an order remanding this matter to the district court with direction that the appeal be dismissed for lack of subject matter jurisdiction. We grant the Board's motion.
 

 [¶ 2] On February 21, 2017, the Board heard and considered tax abatement applications submitted by the appellants-taxpayers for various properties located in Williston. Also on February 21, 2017, the Board denied the abatement applications. On March 23, 2017, the taxpayers filed notices of appeal with the district court. On March 28, 2017, the taxpayers served their notices of appeal on Board Chairman David Montgomery. On December 13, 2017, the district court affirmed the Board's decisions. On appeal to this Court the Board argues the taxpayers' notice of appeal was untimely, the courts are without
 
 *57
 
 subject matter jurisdiction, and the appeal should be dismissed.
 

 [¶ 3] "When jurisdictional facts are not disputed, the issue of subject matter jurisdiction is a question of law, which we review de novo."
 
 Garaas v. Cass Cnty. Joint Water Res. Dist.
 
 ,
 
 2016 ND 148
 
 , ¶ 6,
 
 883 N.W.2d 436
 
 (internal citation and quotation marks omitted). In
 
 Garaas
 
 , this Court recognized N.D.C.C. § 28-34-01 contains two requirements before an appeal from the decision of a local governing body is perfected:
 

 " Section 28-34-01(1), N.D.C.C., by its plain language requires a notice of appeal to be filed with the clerk of court within 30 days of the decision of the local governing body.... However, N.D.C.C. § 28-34-01(1), also requires a copy of the notice of appeal be served on the local governing body 'in the manner provided by rule 4 of the North Dakota Rules of Civil Procedure.' N.D.C.C. § 28-34-01(1)."
 

 Garaas
 
 , at ¶ 9. In
 
 Garaas
 
 we concluded that, in order for the judicial branch to obtain subject matter jurisdiction to review a decision of a local unit of government, the appellant must file the notice of appeal with the district court within 30 days of the local governing body's decision and serve the notice of appeal on the local governing body within 30 days of the decision being appealed.
 

 Id.
 
 See also
 

 S&B Dickinson Apts. I v. Stark Cnty. Bd. of Comm'rs
 
 ,
 
 2018 ND 158
 
 , ¶ 22,
 
 914 N.W.2d 503
 
 (within 30 days of order taxpayer must file notice of appeal with the district court, and serve the notice on the Board and State Tax Commissioner).
 

 [¶ 4] Here, the Board's decision denying the taxpayers' applications was made on February 21, 2017. Based on the 30-day requirement, the taxpayers had until March 23, 2017, to file and serve their notices of appeal. The taxpayers filed their notices of appeal by the March 23 deadline. However, they did not serve their notices of appeal on the Board until March 28, 2017, which was outside the time limitation imposed by N.D.C.C. § 28-34-01. Thus, the taxpayers did not perfect their appeal and the courts lack subject matter jurisdiction to hear and consider the merits of the taxpayers' appeal.
 

 [¶ 5] Under the North Dakota Rules of Appellate Procedure, a motion to dismiss an appeal may be brought if the appeal is not authorized by law.
 
 See
 
 N.D.R.App.P., Rule 27(f). Where subject matter jurisdiction for an appeal is lacking, the appeal is not authorized.
 
 Mann v. ND Tax Comm'r
 
 ,
 
 2005 ND 36
 
 , ¶ 7,
 
 692 N.W.2d 490
 
 ("This Court must have jurisdiction before we can consider the merits of an appeal." (quoting
 
 Dietz v. Kautzman
 
 ,
 
 2004 ND 164
 
 , ¶ 6,
 
 686 N.W.2d 110
 
 ).);
 
 Schaan v. Magic City Beverage Co.
 
 ,
 
 2000 ND 71
 
 , ¶¶ 1, 10,
 
 609 N.W.2d 82
 
 (dismissing appeal on Schaan's motion to dismiss for lack of jurisdiction where appellant did not file notice of appeal to appellate court in a timely manner). The Board made a motion to dismiss and, based on the undisputed timing of service of the notices of appeal on the Board Chairman, we grant the motion.
 

 [¶ 6] We vacate the district court's order dated December 13, 2017, and dismiss the taxpayers' appeal.
 

 [¶ 7] Gerald W. VandeWalle, C.J.
 

 Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen
 

 Jerod E. Tufte