# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 164

David Sholy,                                           Petitioner and Appellant

v.

Cass County Commission,                        Respondent and Appellee

## No. 20220033

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Jensen and Justices Crothers and McEvers joined. Justice VandeWalle filed a dissenting opinion.

David Sholy, self-represented, Fargo, ND, petitioner and appellant; submitted on brief.

Birch P. Burdick, State's Attorney, Fargo, ND, for respondent and appellee; submitted on brief.

**Tufte, Justice.**

[¶1]   David Sholy appealed from a district court order dismissing his appeal from the Cass County Commission's ("Commission") decision to deny his applications for abatement or refund of taxes. Sholy argues the court misapplied the law in ordering him to file a certificate of record. The Commission argues Sholy failed to timely file his notice of appeal with the court. We conclude that the district court's reasoning for dismissing Sholy's appeal was incorrect but that dismissal was nonetheless appropriate because the court lacked jurisdiction over Sholy's untimely appeal. We affirm the order dismissing Sholy's appeal.

I

[¶2]   In 2018, Sholy received notice for increased property taxes for his two commercial properties and one residential property. In early 2019, Sholy filed tax abatement applications with the Commission.

[¶3]   On May 20, 2019, Sholy appeared in front of the Commission where the Commission voted 3-2 against his applications. After Sholy objected to the shortened six-day notice for the hearing, citing the ten-day requirement in N.D.C.C. § 57-23-05, the Commission set the matter for rehearing. At its meeting on June 17, the Commission voted 5-0 against the applications.

[¶4]   On July 19, Sholy filed a notice of appeal with the district court. On October 21, the district court sent a letter to Sholy directing him to provide the court with a certificate of record and information showing the grounds for his appeal within 10 days. On December 9, the court entered an order dismissing the appeal without prejudice for failing to file a certificate of record noting the grounds for the appeal. No notice of entry of judgment was filed.

[¶5]   On November 19, 2021, Sholy filed a letter requesting a status of the case and indicated that he had not received any updates on the case. On December 15, 2021, Sholy filed another letter acknowledging he received a letter from the

district court which included a copy of the December 9 order and a copy of the court's October 21 letter. In the letter, Sholy acknowledged receiving the court's letter containing the order on November 25, 2021. On January 21, 2022, Sholy filed a notice of appeal from the district court's December 9, 2019 order.

## II

[¶6] In light of the unusual delay in reaching this Court, we first consider whether Sholy's appeal from the district court's order of dismissal is timely. "In a civil case, except as provided in paragraph (a)(4), the notice of appeal required by Rule 3 must be filed with the clerk of the supreme court within 60 days from service of notice of entry of the judgment or order being appealed." N.D.R.App.P. 4(a)(1). Here, there is no evidence of service of notice of entry of the order in the record. The first indication in the record that Sholy had actual knowledge of the December 9, 2019, order is his notice of appeal to this Court acknowledging receipt of the December 9, 2019, order on November 25, 2021. When notice of entry of an order has not been served on a party, the time to appeal may commence at the point actual knowledge by the appealing party of the entry of the order is "clearly evidenced in the record." *Domres v. Domres*, 1998 ND 217, ¶ 9, 587 N.W.2d 146. We conclude the time to appeal commenced November 25, 2021, and thus Sholy's January 21, 2022 appeal was timely.

## III

[¶7] The dispositive issue on this appeal is whether Sholy's appeal to the district court was timely under the statute giving the district court appellate jurisdiction to consider the appeal. The district court did not consider whether Sholy's appeal was timely. Sholy argues his appeal to the district court was timely under N.D.C.C. § 28-32-42(1). Sholy asserts his appeal filed on July 19, 2019, was timely because he received notice of the decision on June 19, 2019, within "thirty days after notice of the order has been given," which is the time limit for filing an appeal under that statute.

[¶8] Sholy's argument is misplaced because this appeal is not governed by N.D.C.C. § 28-32-42, but instead by N.D.C.C. § 28-34-01. Proceedings to abate or refund taxes are governed by N.D.C.C. ch. 57-23. Section 57-23-04(3),

N.D.C.C., provides "[a]ny person aggrieved by any decision of the board of county commissioners may appeal in the manner provided by law." Section 28-34-01, N.D.C.C., governs appeals from a local governing body, including "any officer, board, commission, resource or conservation district, or other political subdivision." "The notice of appeal must be filed with the clerk of the court *within thirty days after the decision* of the local governing body. A copy of the notice of appeal must be served on the local governing body in the manner provided by rule 4 of the North Dakota Rules of Civil Procedure." N.D.C.C. § 28-34-01(1) (emphasis added).

[¶9] "Timely filing of an appeal from a decision of a [local governing body] is mandatory to invoke a district court's appellate subject matter jurisdiction over the appeal." *Grand Forks Homes, Inc. v. State*, 2011 ND 65, ¶ 20, 795 N.W.2d 335. "Subject matter jurisdiction cannot be waived and can be raised *sua sponte* at any time in a proceeding." *S&B Dickinson Apartments I, LLC v. Stark Cty. Bd. of Comm'rs*, 2018 ND 158, ¶ 5, 914 N.W.2d 503. "When jurisdictional facts are not disputed, the issue of subject matter jurisdiction is a question of law, which we review de novo." *IRET Props. LP v. Williams Cty. Bd. of Comm'rs*, 2018 ND 223, ¶ 3, 918 N.W.2d 56.

[¶10] "If the board of county commissioners disapproves any application for abatement or refund or compromise, in whole or in part, the reasons for disapproval must be stated thereon, and the applicant may appeal the rejection of the application for abatement or refund or compromise as provided by law." N.D.C.C. § 57-23-08. If the board of county commissioners rejects the application, in whole or in part, "a written explanation of the rationale for the decision, signed by the chairman of the board, must be attached to the application, and a copy thereof must be mailed by the county auditor to the applicant at the post-office address specified in the application." N.D.C.C. § 57-23-06(2).

[¶11] Sholy relies on the statute governing appeals from an administrative agency, N.D.C.C. § 28-32-42(1), which provides that an appeal from an administrative agency must be made within thirty days after notice of the

order has been given. An appeal from a local governing body is governed by N.D.C.C. § 28-34-01, which provides in relevant part:

> For the purposes of this section, "local governing body" includes any officer, board, commission, resource or conservation district, or other political subdivision. Each appeal is governed by the following procedure:
> 1. The notice of appeal must be filed with the clerk of the court within thirty days after the decision of the local governing body. A copy of the notice of appeal must be served on the local governing body in the manner provided by rule 4 of the North Dakota Rules of Civil Procedure.

"If the decision from which an appeal is taken relates to tax refunds, tax abatements, or other matters relating to taxation, in addition to the notice of appeal required by section 28-34-01, a notice of appeal also must be served by registered mail upon the state tax commissioner." N.D.C.C. § 11-11-41. This Court has recognized N.D.C.C. § 28-34-01 contains two requirements: the appellant must file the notice of appeal with the district court within 30 days of the local governing body's decision and serve the notice of appeal on the local governing body within 30 days of the decision being appealed. *Garaas v. Cass Cty. Joint Water Res. Dist.*, 2016 ND 148, ¶¶ 6, 24, 883 N.W.2d 436.

[¶12] In *Zajac v. Traill Cty. Water Res. Dist.*, 2016 ND 134, ¶¶ 9-10, 881 N.W.2d 666, this Court rejected the appellant's argument that the time for appeal was tolled until he received notice of the local governing body's decision. This Court recognized that N.D.C.C. § 28-34-01 is not a statute of limitation, but a statute conferring appellate jurisdiction upon a reviewing court and the terms of the statute control whether the time for appeal may be tolled. *Id.* at ¶ 10. "The plain language of N.D.C.C. § 28-34-01 governs any appeal provided by statute from the decision of a local governing body and states the 'notice of appeal must be filed . . . within thirty days after the decision of the local governing body.'" *Id.* at ¶ 7 (quoting N.D.C.C. § 28-34-01). In *IRET Properties LP*, 2018 ND 223, ¶¶ 4-5, we dismissed the taxpayers' appeal because they completed filing and service of their notices of appeal on the local governing body after the time limitation imposed by N.D.C.C. § 28-34-01. *See also S&B Dickinson Apartments I, LLC*, 2018 ND 158, ¶¶ 21-22 (concluding taxpayer

4

must file notice of appeal with the district court and serve the notice on the board of county commissioners and the State Tax Commissioner within 30 days from the board's decision).

[¶13] According to Sholy's brief, the rehearing on his applications was held on June 17, 2019, and the Commission voted against his applications. The "decision" of the Commission that started the 30-day time to appeal under N.D.C.C. § 28-34-01 was its vote at the June 17, 2019 meeting. Sholy had until July 17, 2019, to file his notice of appeal to the district court. Here, Sholy filed his notice of appeal on July 19, 2019. Sholy served his notice of appeal on the Cass County Commission and the State Tax Commissioner on July 19, 2019.

[¶14] Because Sholy's appeal from the Commission's decision was untimely, we conclude the district court did not have jurisdiction to hear his appeal and we need not address his claim that the court erred in dismissing the appeal for failure to file a certificate of record. "We will not set aside a district court's decision simply because the court applied an incorrect reason, if the result is the same under the correct law and reasoning." *Myers v. State*, 2017 ND 66, ¶ 10, 891 N.W.2d 724. The parties' motions to supplement the record are denied.

IV

[¶15] We affirm the district court order.

[¶16]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte


**VandeWalle, Justice, dissenting.**

[¶17] I respectfully dissent. While the result may be the same, I do not agree with the process the majority used to get there.

5

[¶18] Sholy appealed from a district court order dismissing his appeal from the Cass County Commission's decision to deny his applications for abatement or refund of taxes. Sholy argues the court erred in dismissing his appeal for failing to file a certificate of record. Although Sholy's notice of appeal to the district court fails to state the statutory grounds for his appeal, it is apparent from the filing that Sholy appealed from a denial of his applications for abatement or refund of taxes.

[¶19] Proceedings to abate or refund taxes are governed by N.D.C.C. ch. 57-23. Section 57-23-04(3), N.D.C.C., provides "[a]ny person aggrieved by any decision of the board of county commissioners may appeal in the manner provided by law." Section 28-34-01, N.D.C.C., governs appeals from a local governing body. A local governing body includes "any officer, board, commission, resource or conservation district, or other political subdivision." *Id.* Section 28-34-01(2), N.D.C.C., states:

> The appellee shall prepare and file a single copy of the record on appeal with the court. Within thirty days, or such longer time as the court by order may direct, after the notice of appeal has been filed in the court, and after the deposit by the appellant of the estimated cost of a transcript of the evidence, the local governing body shall prepare and file in the office of the clerk of the court in which the appeal is pending the original or a certified copy of the entire proceedings before the local governing body, or such abstract of the record as may be agreed upon and stipulated by the parties, including the pleadings, notices, transcripts of all testimony taken, exhibits, reports or memoranda, exceptions or objections, briefs, findings of fact, proposed findings of fact submitted to the local governing body, and the decision of the local governing body in the proceedings. If the notice of appeal specifies that no exception or objection is made to the local governing body's findings of fact, and that the appeal is concerned only with the local governing body's conclusions based on the facts found by it, the evidence submitted at the hearing before the local governing body must be omitted from the record filed in the court. The court may permit amendments or additions to the record to complete the record.

6

[¶20] The district court ordered Sholy to file a certificate of record when the plain language of the statute requires the appellee here, the County, to file a copy of the record.

[¶21] If rules of procedure mean anything, I believe the proper remedy would be to reverse the district court's order dismissing the appeal and remand for further proceedings to the district court. At that time, the County should file a record on appeal and it may move to dismiss the appeal for failure to file within the requirements of the statute. If Sholy has any opposition or defense, he then could file.

[¶22] While this procedure may seem unnecessary, I believe it sets a bad precedent for the Court to decide the district court did not have jurisdiction when no official record has been filed and the issue was not raised before the district court. I understand the Court resolving an issue as a legal matter, here it is a factual matter. The majority has had to search through the parties' briefs and other documents to determine whether Sholy's appeal to the district court was timely. Although the parties may not dispute what occurred in this case, in future cases the record may contain items that could change the result and there may be disputes about the facts. Further, there is no explanation in the County's brief why it failed to file a motion to dismiss in the district court and instead waited to raise it on appeal. Therefore, I believe the appropriate remedy would be to reverse the district court's order dismissing Sholy's appeal and remand for the County to file a copy of the record and for further proceedings based on the record.

[¶23] Gerald W. VandeWalle